THE STATE EX REL. MURRAY, APPELLANT AND CROSS-APPELLEE, *v.*
MOSLER SAFE COMPANY, CROSS-APPELLANT AND APPELLEE;
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Murray v. Mosler
Safe Co.* (1993), 67 Ohio St.3d 330.]

(No. 92–2288—Submitted July 28, 1993—Decided September 15, 1993.)

332

*Casper & Casper* and *Douglas W. Casper,* for appellant and cross-appellee.

*Taft, Stettinius & Hollister* and *Charles M. Stephan,* for cross-appellant and appellee.

*Lee I. Fisher,* Attorney General, and *Cordelia A. Glenn,* Assistant Attorney General, for appellee.

*Per Curiam.* Claimant and Mosler issue evidentiary challenges to the commission's order. Our analysis begins with a review for "some evidence" to support the commission's order. According to claimant, not only is there no medical evidence of a physical capacity for work, but, to the contrary, medical evidence uniformly shows a complete inability to work. If the latter allegation proves correct, further consideration of nonmedical factors under *Noll* is pointless. See *State ex rel. Galion Mfg. Div., Dresser Industries, Inc. v. Haygood* (1991), 60 Ohio St.3d 38, 573 N.E.2d 60.

Two medical reports—those by Drs. Mysiw and Sheridan—are before us. Dr. Sheridan's report is not "some evidence" supporting the commission's denial of permanent total disability compensation, since this report found that claimant could not do any work. Dr. Mysiw's report, on the other hand, indicates that claimant retains some capacity for doing work. Contrary to claimant's representation, however, Dr. Mysiw does not merely state that claimant is amenable to rehabilitation; Dr. Mysiw states the claimant can do light work as well. Dr. Mysiw's report is thus "some evidence" which can be combined with nonmedical factors to produce a finding that claimant can perform sustained remunerative employment.

This evidentiary conclusion leads us to consider whether the commission adequately explained its reasoning in its order as *Noll* demands. The appellate court cautiously found compliance with *Noll.* Noting that *Noll* required only a "brief" explanation, the appellate court wrote:

"The order of the Industrial Commission denying permanent total disability compensation for Mr. Murray certainly qualifies as a *brief* explanation of the reasoning for the decision. We are not prepared to say that the explanation is *too* brief, but a more detailed explanation would be preferable. Thus, a limited writ is not necessary." (Emphasis *sic.*)

In this case, the commission's explanation, although brief, does suggest that claimant's "relatively young" age and education were considered to be assets to re-employment. Coupled with the commission's reference to the rehabilitation division's favorable assessment, this order meets the minimum standard of compliance with *Noll.*

Accordingly, the judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.