THE STATE EX REL. HOPKINS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Hopkins v. Indus. Comm.* (1994), 70 Ohio St.3d 36.]

(No. 93–1965—Submitted April 19, 1994—Decided August 3, 1994.)

38

*Kondritzer, Gold, Frank & Crowley Co., L.P.A.,* and *Edward C. Ahlers,* for appellant.

*Lee I. Fisher,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellee.

PFEIFER, J.  Hopkins disputes the appellate court's determination that the commission's order adequately explained its result.

## I

### Medical Challenge

Hopkins attempts to discredit the reports of Drs. Wunder and Penix, so as to leave Dr. Slemmer's report as the only competent medical evidence of record.  If successful, Dr. Slemmer's assessment of a medical incapacity for work would negate the need to consider nonmedical disability factors and compel a permanent total disability award.  *State ex rel. Galion Mfg. Div., Dresser Indus., Inc. v. Haygood* (1991), 60 Ohio St.3d 38, 573 N.E.2d 60.

It was the commission's prerogative to find the reports of Drs. Wunder and Penix more persuasive. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. This is particularly true when the three reports are compared. Dr. Slemmer does no more than scrawl a "yes" to two very leading questions apparently prepared by claimant's counsel. Drs. Wunder and Penix, on the other hand, comprehensively discuss claimant's past medical history and subjective complaints, and make objective findings, diagnoses and prognoses. Hopkins' intimation that Dr. Slemmer's report was unfairly discounted is thus unconvincing. Dr. Wunder's conclusion that Hopkins was capable of "lifting in sedentary to light ranges" constitutes "some evidence" of light duty capability.

Claimant attempts to discredit Dr. Wunder's report by claiming that Dr. Wunder's conclusion was based on insufficient findings. Claimant, for example, asserts that Dr. Wunder's failure to address claimant's prolonged ability to stand or walk renders the doctor's opinion suspect. Claimant's counsel, however, is not a physician and absent anything other than his speculation that something is amiss, Dr. Wunder's medical expertise should be given deference.

For these reasons, we reject claimant's objections to the medical evidence.

## II

### *Nonmedical Challenge*

In *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, this court emphasized the need for the Industrial Commission to look beyond a claimant's medical record:

"In determining permanent total disability, the Industrial Commission must evaluate the evidence concerning the degree to which the claimant's ability to work has been impaired. The ultimate consideration is whether the claimant is ' "unfit for sustained remunerative employment." ' (Emphasis deleted.) *State, ex rel. Paragon, v. Indus. Comm.* (1983), 5 Ohio St.3d 72, 5 OBR 127, 448 N.E.2d 1372. Any conclusion with regard to permanent total disability must address the claimant's ability to work. *State, ex rel. Hutt, v. Frick–Gallagher Mfg. Co.* (1984), 11 Ohio St.3d 184, 11 OBR 497, 464 N.E.2d 1005.

"In making a determination of the degree to which the claimant's ability to work has been impaired, and to answer the query as to whether the claimant is unfit to work at any sustained remunerative employment, the commission must look to a broad number of pertinent factors. It must review all the evidence in the record including the doctors' reports and opinions. The commission must also review any evidence relative to the claimant's age, education, work record,

psychological or psychiatric factors if present, and that of a sociological nature." *Id.,* 31 Ohio St.3d at 170, 31 OBR at 372, 509 N.E.2d at 949–950.

These nonmedical factors came to be known as *"Stephenson"* factors.

In the present case, the commission, after mentioning *Stephenson* factors such as Hopkins' age, education, work history and impairment, concluded that the claimant was capable of obtaining remunerative employment and was, thus, not permanently and totally disabled.

When reviewing a commission's denial of permanent total disability compensation, this court has looked to see if there is "some evidence" supporting the commission's decision. *State ex rel. Burley v. Coil Packing, Inc.* (1987) 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

No evidence supports the commission's conclusion that, in light of the *Stephenson* factors, Hopkins is likely to return to the job market. Quite to the contrary, there is uncontradicted testimony of a vocational expert who, based on *Stephenson* factors, concluded that Hopkins was unemployable. Because there was no evidence presented which supports the commission's conclusion that Hopkins was capable of obtaining remunerative employment, the commission was obligated to find Hopkins permanently and totally disabled.

Pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, the judgment of the court of appeals is reversed and a writ of mandamus is issued to compel the Industrial Commission to award permanent total disability compensation.

*Judgment reversed and writ granted.*

A.W. SWEENEY, DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

WRIGHT, J., concurs separately.

MOYER, C.J., concurs in judgment only.

WRIGHT, J., concurring. I concur in the judgment reached by the majority because I believe there was an abuse of discretion by the Industrial Commission with respect to the *Stephenson* factors. I continue to believe, however, that *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, was poorly reasoned and should not be used as a basis for reaching a decision in any cases except those in which the commission has abused its discretion.