THE STATE EX REL. KINNEBREU, APPELLEE, *v.* CLINIC
CENTER HOTEL ET AL., APPELLANTS.

[Cite as *State ex rel. Kinnebreu v. Clinic Ctr.
Hotel* (1998), 80 Ohio St.3d 688.]

(No. 95–902—Submitted September 10, 1997—Decided January 14, 1998.)

690

*Esther S. Weissman*, for appellee.

*Squire, Sanders & Dempsey, Steven M. Loewengart* and *Kymberly T. Wellons*, for appellant Clinic Center Hotel.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellant Industrial Commission of Ohio.

PFEIFER, J. The first issue—which encompasses most of the parties' discussion—can be quickly resolved. Subsequent to the date of the court of appeals opinion below, we held in *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio

St.3d 461, 663 N.E.2d 929, that the commission was not required to extend permanent total disability compensation beyond the date specified in an interlocutory permanent total disability order.

Our second task involves our standard evidentiary review. In this instance, we find that the commission's order is not supported by "some evidence," and affirm the judgment of the court of appeals on this basis.

Our analysis is hindered by a commission order that is uncomfortably vague as to both claimant's medical and nonmedical capabilities. Unlike most of the permanent total disability orders that come before us, this order does not identify what the commission believes claimant's residual medical abilities to be, *i.e.*, sedentary, light, medium, etc. The commission's reference to Dr. Smith's report is equally unenlightening since he, too, avoids categorizing claimant's physical abilities. His admonition that claimant avoid extreme motion and extreme spinal rotation does little to instruct us as to what types of work claimant is and is not capable of doing.

This deficiency complicates our review because it is within the context of claimant's medical abilities that our review of nonmedical factors must, by necessity, fall. In this case, the commission's nonmedical conclusions were premised not on its own independent analysis, but instead upon the reports of Barbara Burk. We find, however, that Burk does not support the commission's conclusion that claimant is vocationally amenable to re-employment. To the contrary, when Burk's reports are considered cumulatively, they establish that claimant is vocationally incapable of securing or performing work within her medical capacities.

We find, therefore, that there is no evidence supporting the commission's assessment of a nonmedical capacity for work. As such, and consistent with our decision in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

---

LUNDBERG STRATTON, J., dissenting. I respectfully dissent. I would reverse the judgment of the court of appeals and find that the commission did not abuse its discretion in denying the claimant further permanent total disability compensation.

This is a mandamus action. The standard of review of a mandamus action is whether there has been an abuse of discretion. *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 658 N.E.2d 1055. There is no abuse of discretion if the commission's decision is supported by "some evidence." *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. The commission is the exclusive evaluator of the evidence and the claimant's disability. *State ex rel. Jackson v. Indus. Comm.* (1997), 79 Ohio St.3d 266, 268, 680 N.E.2d 1233, 1235. Therefore, "when some evidence for the commission's decision exists, the decision must be upheld even if contradicted by other evidence a reviewing court considers more persuasive." *Id.*

In the case at bar, there is medical evidence to support the commission's findings. Dr. Smith, on whom the commission relied, found lumbar tenderness, but also reported normal gait and spinal appearance. A lack of spasm was also noted. Claimant's reduced motion and tenderness prompted Dr. Smith to restrict claimant from lifting and bending. However, Dr. Smith specifically permitted the claimant to perform overhead activities and stated that routine walking, standing, or sitting by claimant would not be problematic. This implies a physical capacity by claimant for sedentary light work and is, therefore, "some evidence" of a medical ability to perform sustained remunerative employment.

The commission's nonmedical analysis relies on earlier vocational reports of Barbara Burk. In her January 13, 1990 report, Burk stated that, based on claimant's vocational factors, "there are no jobs which Mrs. Kinnebreu would be capable of successfully performing." However, in an October 26, 1992 letter generated by Dr. Smith's examination, Burk concluded that "there are no jobs existing *in significant numbers* which Ms. Kinnebreu would be capable of competitively performing."[1] (Emphasis added.) Obviously there is conflicting evidence on the issue of whether there are jobs the claimant can perform. However, using its discretion, the commission based its decision on Burk's October 26, 1992 letter. The commission interpreted Burk's letter as indicating that while there were not a lot of jobs within the claimant's combined physical and nonmedical capacities, some did exist. This conclusion is within the commission's province because "[t]he commission alone shall be responsible for the

---

1. The majority's conclusion that "when Burk's reports are considered cumulatively, they establish that the claimant is vocationally incapable of securing or performing work within her medical capacities" is misplaced. The *cumulative* reports to which the majority alludes specifically refer to a November 24, 1993 letter from Burk in which she attempts to clarify her earlier statement pertaining to the claimant. It is important to note that this document did not issue until after the claimant's application for permanent total disability compensation had been determined by the commission. Therefore, it should not be considered in reviewing the commission's decision. To do so would circumvent the commission's authority as exclusive interpreter of the evidence.

evaluation of the weight and credibility of the evidence before it." *Coil Packing,* 31 Ohio St.3d at 20–21, 31 OBR at 72, 508 N.E.2d at 938.

Accordingly, I would hold that the commission did not abuse its discretion in denying the claimant further permanent total disability compensation because the decision was supported by "some evidence." Therefore, I would reverse the court of appeals.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

