[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 688.]

THE STATE EX REL. KINNEBREU, APPELLEE, *v*. CLINIC CENTER HOTEL ET AL., APPELLANTS.

[Cite as *State ex rel. Kinnebreu v. Clinic Ctr. Hotel*, 1998-Ohio-170.]

*Workers' compensation—Industrial Commission not required to extend permanent total disability compensation beyond the date specified in an interlocutory permanent total disability order—Industrial Commission's order not supported by "some evidence," when.*

(No. 95-902—Submitted September 10, 1997—Decided January 14, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD03-284.

———————————

{¶ 1} Appellee-claimant, Ruth K. Kinnebreu, was injured on July 2, 1988 in the course of and arising from her employment with appellant Clinic Center Hotel. Appellant Industrial Commission of Ohio ultimately allowed her claim for "strain, sprain low back, fractured 9th rib, contusion left side; aggravation of pre-existing lumbar arthritis," and awarded her temporary total disability compensation.

{¶ 2} In 1991, claimant applied for permanent total disability compensation. She accompanied her motion with a report from Dr. Sheldon A. Friedman, who certified claimant as permanently and totally disabled.

{¶ 3} Claimant was examined by commission specialists Drs. W. Jerry McCloud and Howard Smith. While both opined that claimant could not return to her previous work, neither specifically addressed claimant's ability to perform other gainful employment. Both doctors restricted claimant's lifting activities, with Dr. Smith elaborating as follows:

"The functional limitations solely from the allowed conditions include limitations of activities that would cause extreme motion or stress to the lower back.

She would have difficulty in occupations requiring her to bend and lift from below the waist with extreme rotation of the spine."

{¶ 4} Finally, Dr. Gerrit L. Hekhuis evaluated claimant on the employer's behalf. He, too, found claimant unable to resume her former duties due to restrictions on bending, reaching, and prolonged standing.

{¶ 5} Claimant also presented three reports from vocational consultant Barbara E. Burk. On January 13, 1990, Burk stated:

"When considering Mrs. Kinnebreu's age, education, work history and physical functional capacities as set forth in the medical record, it is my professional opinion that there are no jobs which Mrs. Kinnebreu would be capable of successfully performing. She is not a candidate for vocational rehabilitation due to her advanced vocational age.

"If I consider Mrs. Kinnebreu's statements as to functional capacity, I continue to be of the opinion that she is not a candidate for the competitive labor market."

{¶ 6} On October 26, 1992, Burk wrote:

"In response to your letter of October 19, 1992, I have reviewed my report dated January 13, 1990 on Ruth Kinnebreu and have read the State of Ohio Industrial Commission Specialist's Report signed by H. Smith, M.D., with examination date of August 26, 1992.

"Assuming Ms. Kinnebreu's functional capacities are as Dr. Smith finds them, I do not change the opinion I previously held. When considering the person as a whole, there are no jobs existing in significant numbers which Ms. Kinnebreu would be capable of competitively performing."

{¶ 7} Burk elaborated on the October 1992 report when she later wrote on November 24, 1993:

"[Y]ou requested that I clarify my opinion as stated in my letter of October 26, 1992.

2

"My letter of October 26, 1992 specifically states, 'Assuming Ms. Kinnebreu's functional capacities are as Dr. Smith finds them, I do not change the opinion I previously held. When considering the person as a whole, there are no jobs existing in significant numbers which Ms. Kinnebreu would be capable of competitively performing.'

"Please note that in my original report of January 13, 1990 I conclude, 'When considering Mrs. Kinnebreu's age, education, work history and physical functional capacities as set forth in the medical record, it is my professional opinion that there are no jobs which Mrs. Kinnebreu would be capable of successfully performing.' In my October 26, 1992 letter I indicated that *my opinion does not change when considering the additional report of Dr. Smith*. The additional language 'no jobs existing in significant numbers' is phrasing which is often used in vocational rehabilitation. My intent in using this phrasing was to indicate that, when considering Mrs. Kinnebreu's age, education, work history and the residual functional capacities as set forth by Dr. Smith, it is my opinion Mrs. Kinnebreu is not capable of meeting demands of sustained remunerative employment.

"The letter of October 26, 1992 was presented as an addendum to the report of January 13, 1990. My opinion remains the same." (Emphasis *sic*.)

{¶ 8} On December 29, 1992, claimant's permanent total disability application was heard pursuant to procedures implemented in accordance with this court's decision in *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 534 N.E.2d 46. At the hearing's conclusion, the following order issued:

"FINDINGS OF FACT AND ORDER OF THE COMMISSION

"INTERLOCUTORY ORDER

"It is the finding of the Commission that the claimant is permanently and totally disabled; that compensation for such disability be awarded from 12/30/92 to 4/10/93; further payment of compensation to be considered at the next scheduled

hearing on the issue of continuation of permanent and total disability; that the Application be granted to the extent of this order * * *.

"Claim files to be referred to the Legal Section for preparation of a statement of facts to be completed within 43 days from the date of publication of this order and then set for hearing before the members of the Industrial Commission on the issue of continuation of the award of permanent and total disability compensation.

"The reports of doctor(s) Smith, McCloud, Friedman, Hekhuis were reviewed and evaluated.

"This order is based particularly upon the reports of Dr(s)[.] Smith, orthopod, for the Industrial Commission, dated 8/26/92, who found claimant 32% impaired—could not perform housecleaning. Dr. McCloud, for the Industrial Commission dated 2/12/92, who found [claimant] 30% impaired. Dr. Friedman, for the claimant dated 3/5/91, who found claimant permanently and totally disabled. Dr. Hekhuis, for the employer dated 11/3/89, who found claimant cannot return to former work[,] but could do other work with restrictions. A consideration of the claimant's age of 59, her 11th grade education, work history which included unskilled labor, the evidence in the file and the evidence adduced at the hearing. Additional factors considered in reaching this decision were the opinion of Barbara E. Burk, CRC, LPC dated 10/26/92 that 'there are no jobs existing in significant numbers which Ms. Kinnebreu would be capable of competitively performing.'

"* * *

"Closed award."

{¶ 9} Claimant's permanent total disability compensation was extended administratively to July 25, 1993.

{¶ 10} On August 17, 1993, claimant's application was heard by the full commission, which denied claimant further permanent total disability benefits:

"* * * This order is based particularly upon the reports [*sic*] of Dr. Smith * * *.

"* * *

"It is found that the claimant is 60 years old, she has an 11th grade education, and she has worked as a maid and housekeeper. The claimant was injured in 1988 when she fell while she was hanging a shower curtain. The claimant's treatment has been conservative with no need for surgery. Recent objective testing by a[n] MRI scan on July 25, 1990, was essentially normal. The claimant was evaluated by an orthopedic specialist, Howard Smith, M.D., who found some limited range of motion and tenderness which would preclude routine activities involved in housekeeping. However, Dr. Smith also indicated that claimant would not be expected to have difficulties using her upper extremities to perform overhead activities, routine walking, standing, or sitting for short periods of time. When Ms. Burk reviewed the report of Dr. Smith, she stated in a letter dated October 26, 1992 that there are no jobs existing 'in significant numbers' which the claimant could competitively perform. However, within the capabilities described by Dr. Smith, Ms. Burk did not indicate the claimant could not engage in some form of sustained remunerative employment within her abilities. Rather, Ms. Burk merely stated that the number of such opportunities would not be significant. It is, therefore, found that although claimant would not have a significant range of employment opportunities, within the capabilities demonstrated by Dr. Smith, the claimant is not precluded from all sustained remunerative employment as a result of the injury which occurred in 1988."

{¶ 11} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying her further permanent total disability compensation. The court of appeals agreed, holding that the commission, absent new and changed circumstances, was bound by the award of permanent total disability compensation made in the first order.

Accordingly, the court issued a writ of mandamus which ordered the commission to vacate its order denying permanent total disability compensation and to issue an order making such an award.

{¶ 12} This cause is now before this court upon an appeal as of right.

———————————

*Esther S. Weissman*, for appellee.

*Squire, Sanders & Dempsey, Steven M. Loewengart* and *Kymberly T. Wellons*, for appellant Clinic Center Hotel.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellant Industrial Commission of Ohio.

———————————

**PFEIFER, J.**

{¶ 13} The first issue—which encompasses most of the parties' discussion—can be quickly resolved. Subsequent to the date of the court of appeals opinion below, we held in *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929, that the commission was not required to extend permanent total disability compensation beyond the date specified in an interlocutory permanent total disability order.

{¶ 14} Our second task involves our standard evidentiary review. In this instance, we find that the commission's order is not supported by "some evidence," and affirm the judgment of the court of appeals on this basis.

{¶ 15} Our analysis is hindered by a commission order that is uncomfortably vague as to both claimant's medical and nonmedical capabilities. Unlike most of the permanent total disability orders that come before us, this order does not identify what the commission believes claimant's residual medical abilities to be, *i.e.*, sedentary, light, medium, etc. The commission's reference to Dr. Smith's report is equally unenlightening since he, too, avoids categorizing claimant's physical abilities. His admonition that claimant avoid extreme motion

and extreme spinal rotation does little to instruct us as to what types of work claimant is and is not capable of doing.

{¶ 16} This deficiency complicates our review because it is within the context of claimant's medical abilities that our review of nonmedical factors must, by necessity, fall. In this case, the commission's nonmedical conclusions were premised not on its own independent analysis, but instead upon the reports of Barbara Burk. We find, however, that Burk does not support the commission's conclusion that claimant is vocationally amenable to re-employment. To the contrary, when Burk's reports are considered cumulatively, they establish that claimant is vocationally incapable of securing or performing work within her medical capacities.

{¶ 17} We find, therefore, that there is no evidence supporting the commission's assessment of a nonmedical capacity for work. As such, and consistent with our decision in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

––––––––––––––––––

**LUNDBERG STRATTON, J., dissenting.**

{¶ 18} I respectfully dissent. I would reverse the judgment of the court of appeals and find that the commission did not abuse its discretion in denying the claimant further permanent total disability compensation.

{¶ 19} This is a mandamus action. The standard of review of a mandamus action is whether there has been an abuse of discretion. *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 658 N.E.2d 1055. There is no abuse of discretion if the commission's decision is supported by "some evidence." *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d

936. The commission is the exclusive evaluator of the evidence and the claimant's disability. *State ex rel. Jackson v. Indus. Comm.* (1997), 79 Ohio St.3d 266, 268, 680 N.E.2d 1233, 1235. Therefore, "when some evidence for the commission's decision exists, the decision must be upheld even if contradicted by other evidence a reviewing court considers more persuasive." *Id.*

{¶ 20} In the case at bar, there is medical evidence to support the commission's findings. Dr. Smith, on whom the commission relied, found lumbar tenderness, but also reported normal gait and spinal appearance. A lack of spasm was also noted. Claimant's reduced motion and tenderness prompted Dr. Smith to restrict claimant from lifting and bending. However, Dr. Smith specifically permitted the claimant to perform overhead activities and stated that routine walking, standing, or sitting by claimant would not be problematic. This implies a physical capacity by claimant for sedentary light work and is, therefore, "some evidence" of a medical ability to perform sustained remunerative employment.

{¶ 21} The commission's nonmedical analysis relies on earlier vocational reports of Barbara Burk. In her January 13, 1990 report, Burk stated that, based on claimant's vocational factors, "there are no jobs which Mrs. Kinnebreu would be capable of successfully performing." However, in an October 26, 1992 letter generated by Dr. Smith's examination, Burk concluded that "there are no jobs existing *in significant numbers* which Ms. Kinnebreu would be capable of competitively performing."[1] (Emphasis added.) Obviously there is conflicting evidence on the issue of whether there are jobs the claimant can perform. However,

---

1. The majority's conclusion that "when Burk's reports are considered cumulatively, they establish that the claimant is vocationally incapable of securing or performing work within her medical capacities" is misplaced. The *cumulative* reports to which the majority alludes specifically refer to a November 24, 1993 letter from Burk in which she attempts to clarify her earlier statement pertaining to the claimant. It is important to note that this document did not issue until after the claimant's application for permanent total disability compensation had been determined by the commission. Therefore, it should not be considered in reviewing the commission's decision. To do so would circumvent the commission's authority as exclusive interpreter of the evidence.

using its discretion, the commission based its decision on Burk's October 26, 1992 letter. The commission interpreted Burk's letter as indicating that while there were not a lot of jobs within the claimant's combined physical and nonmedical capacities, some did exist. This conclusion is within the commission's province because "[t]he commission alone shall be responsible for the evaluation of the weight and credibility of the evidence before it." *Coil Packing,* 31 Ohio St.3d at 20-21, 31 OBR at 72, 508 N.E.2d at 938.

{¶ 22} Accordingly, I would hold that the commission did not abuse its discretion in denying the claimant further permanent total disability compensation because the decision was supported by "some evidence." Therefore, I would reverse the court of appeals.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

————————————