DECISION
Middletown Regional Hospital filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order granting permanent total disability ("PTD") compensation to Sharon J. Stamper.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate's decision includes a recommendation that we deny the requested relief.
Counsel for Middletown Regional Hospital has filed objections to the magistrate's decision. Counsel for the commission and counsel for Ms. Stamper have each filed a memorandum in response. The case is now before the court for a full, independent review.
Ms. Stamper was injured in 1986. Her workers' compensation claim has been recognized for "cervical and lumbosacral strain; aggravation of pre-existing degenerative disc disease at L5-S1; degenerative disc disease L4-5." She has had several surgeries due to her allowed conditions. Specifically, she submitted to surgery in 1989, 1993, 1994, 1995 and 1997.
In 1998, Ms. Stamper filed an application for PTD compensation. The compensation was granted in 1999 and granted a second time in 2001 following this court's granting of a limited writ of mandamus in March 2000.
Ms. Stamper is now 62 years old. The commission found that she has no transferable skills and that her serious back problems prohibit her resuming her previous employment as a cashier and hospital billing clerk. Her back problems also place severe limitations on the range of sedentary jobs she could perform.
Middletown Regional Hospital asserts a list of proposed defects in the analysis of Ms. Stamper's potential for sustained remunerative employment. None of the items on the list indicate an abuse of discretion by the commission. Ms. Stamper's back condition does not render her incapable of employment, but limits the range of jobs she can perform so seriously that very few job options remain. Her age and lack of transferable skills making successful training for those few jobs unlikely, if not impossible.
We find no abuse of discretion by the commission. We, therefore, overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision and deny the request for a writ of mandamus.
Objections overruled; writ denied.
DESHLER and LAZARUS, JJ., concur.
 IN MANDAMUS
Relator, Middletown Regional Hospital, has filed this original action requesting that this court order respondent Industrial Commission of Ohio ("commission") to vacate its order which granted permanent total disability ("PTD") compensation to respondent Sharon J. Stamper ("claimant") and to issue a new order which complies with the law.
Findings of Fact:
1. On June 4, 1986, claimant sustained an injury in the course of her employment as a billing clerk and her claim has been allowed for: "cervical and lumbosacral strain; aggravation of pre-existing degenerative disc disease at L5-S1; degenerative disc disease L4-5."
2. Claimant has had numerous surgeries over the years following her injury including the following: 1989 — hemilaminectomy and spinal decompression at L5-S1; posterior lumbar interbody fusion at L5-S1 with autogenous iliac grafted; harvesting of iliac crest grafted on the right hemipelvis and Steffee plating from L5-S1; 1993 — removal of Steffee plates and screws at L5-S1; 1994 — two-level diskogram at L3-4 and L4-5 and epidural injections; 1995 — spinal decompression at L4-5; TSRH spinal fixation at L4-5; posterolateral fusion L4-5, repair of dural leak, harvesting right iliac crest graft; and in 1997 — lumbar fusion and installation of BAC cage.
3. Claimant stopped working in 1993. Claimant has not returned to her former occupations as billing clerk and cashier although both are classified as sedentary employment.
4. On May 15, 1998, claimant filed an application for PTD compensation which was granted by order of the commission dated January 5, 1999.
5. Relator pursued a mandamus action in this court. A writ of mandamus was issued returning the matter to the commission to obtain a new specialist's report, to hold a new hearing, and to issue a new order either granting or denying claimant's PTD application. Middletown Regional Hosp. v. Indus. Comm. (Mar. 30, 2000), Franklin App. No. 99AP-615, unreported (Memorandum Decision).
6. Relator had claimant examined by Dr. Daniel E. Braunlin, on August 26, 1998, and his report was before the commission after remand from this court. Dr. Braunlin concluded that claimant's allowed conditions limited her to sedentary work activity and further opined that she could return to her former job as a billing clerk with the accommodation of being able to change positions on a frequent basis.
7. Pursuant to this court's direction, the commission arranged for claimant to be evaluated by Dr. Kenneth R. Hanington on September 15, 2000. In his report, Dr. Hanington noted that despite her multiple surgeries, claimant remains symptomatic, with evidence of chronic left-sided radiculopathy. He concluded that she had reached maximum medical improvement, assessed a twenty-five percent whole person impairment, noted that she was unable to return to her former position of employment but is capable of other sustained remunerative employment. In his deposition, he indicated that she could sit, stand, and walk for up to three hours in an eight hour work day, she should not lift greater than ten pounds, she can occasionally crouch, stoop, bend, and kneel, but she can perform no reaching at floor level.
8. An Employability Assessment was prepared by Craig S. Johnston, MRC, CRC, on November 7, 2000. Mr. Johnston noted that her work history consisted of semi-skilled and skilled work activity, required a high school level of reasoning and a seventh to eighth grade level of mathematics and language proficiency. Further, he noted that in the absence of formalized training, her work history reflects the capacity to learn and develop new skills through on-the-job training alone. Within the restrictions noted by Dr. Hanington, Mr. Johnston identified the following employment options: " Payroll Clerk, Accounting Clerk, Receptionist, Insurance Clerk and Production Clerk." Within the restrictions identified by Dr. Braunlin, Mr. Johnston identified the following other employment options: "File Clerk, Toll Collector, Teller and General Officer Clerk." Mr. Johnston concluded that claimant could perform these jobs given her education, work history, and transferable skills. Although he acknowledged that claimant is a person closely approaching advanced age, he noted that she would have approximately five years remaining before reaching retirement age of sixty-five years and although her age may be seen as a potential barrier to employment, it is not, by itself, work prohibitive.
9. An Employability Assessment Report was prepared by Ted S. Macy, M.S., CRC and dated December 4, 2000. Based upon the reports of Drs. Hanington and Braunlin, Mr. Macy concluded that claimant could perform the following occupations: "Table Worker, Photo Mounter, Electronics Worker, Assembler, Wireworker, Security Guard." Following appropriate academic remediation or brief skilled training, he opined that claimant could perform the following additional jobs: "Charge Account Clerk, Order Clerk, Routing Clerk, Document Preparer, Gate Tender and Telephone Solicitor are options with or possibly without academic remediation to 7-8th grade levels, depending on actual functional levels."
10. The record also includes the June 26, 2001 deposition of Dr. Hanington.
11. On August 1, 2001, claimant's application for PTD was heard before a staff hearing officer ("SHO") who issued an order granting the requested compensation. The SHO relied upon the medical report and deposition of Dr. Hanington and concluded that the restrictions provided by Dr. Hanington are the limitations which claimant has as a result of the recognized conditions in her claim. In addressing the nonmedical factors, the SHO noted as follows:
 The Staff Hearing Officer finds that the claimant is an older individual of 61 years of age with a 12th grade education. The Staff Hearing Officer finds that the claimant has work experience only as a cashier and hospital billing clerk.
 The Staff Hearing Officer finds that the claimant last worked in March 1993. The Staff Hearing Officer notes the claimant had seven back surgeries. The Staff Hearing Officer finds that claimant's work experience does not provide her with any transferable skills to become re-employed given the physical restrictions due to industrial injury herein.
 The Staff Hearing Officer finds that given the claimant's age, lack of transferable work skills and the medical restrictions due to the allowed conditions in this claim, the claimant is unable to engage in sustained remunerative employment and is permanently and totally disabled.
 The Staff Hearing Officer selects 9-15-00 as the starting date for Permanent Total Disability as that is the date of Dr. Hanington's medical report which is the basis for granting claimant's Permanent Total Disability Application.
 It is further ordered that the above award be allocated as follows: 100% of the award is to be paid under Claim Number 926861-22.
 All medical reports and vocational reports on file were reviewed and considered.
 This order is based on medical report of Dr. Hanington and deposition transcript of Dr. Hanington.
12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994),68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
Relator contends that the commission abused its discretion by concluding that claimant lacked transferable skills to other employment, failed to explain how it concluded that claimant lacked transferable skills to other employment, and failed to determine whether claimant had voluntarily removed herself from the work force by her failure to engage in a good faith effort to retrain or return to a modified position of employment. For the reasons that follow, this magistrate finds that relator's arguments do not support the granting of a writ of mandamus.
Relator argues that the commission based its decision to grant claimant's application for PTD compensation based upon the report and deposition of Dr. Hanington and the medical and vocational reports on file. However, this statement is inaccurate. Upon review of the commission's order, it is apparent that the only evidence relied on by the commission in granting claimant's application for PTD compensation is the report and deposition testimony of Dr. Hanington. Although the commission indicated that all other medical and vocational reports were reviewed and considered, none of the other reports were relied upon.
Relator asserts that all the vocational evidence in the record supports a finding that claimant does indeed have transferable skills and that she is capable of performing some other sustained remunerative employment. However, the commission can reject vocational reports and conduct its own analysis of the nonmedical factors. State ex rel. Jackson v. Indus. Comm. (1997), 79 Ohio St.3d 266. In the present case, the commission considered the vocational reports in the record; however, the commission chose not to rely on those vocational reports. The commission is not bound to accept the opinions of vocational experts as the commission is the ultimate arbiter of disability. As such, the only question which legitimately remains with regard to the vocational evidence is whether, in its decision, the commission adequately explained its reasoning. Specifically, the SHO found that claimant's work experience did not provide her with any transferable skills to become reemployed given the physical restrictions due to the industrial injury she sustained. Given that the commission relied upon the report of Dr. Hanington, he himself concluded that claimant could not return to her former positions of employment. It is undisputed that those former positions of employment, were, in and of themselves, sedentary in nature. Since the commission is only required to provide a brief explanation for its reasoning, this magistrate concludes that the commission did so in this case. As such, relator's first two arguments are not well taken.
Relator also contends that the commission abused its discretion by allegedly failing to address the issue of whether claimant voluntarily abandoned the work force. Upon review of the record before this court, this magistrate can find no indication that relator raised this issue during the administrative proceedings concerning claimant's application for PTD compensation. Relator does direct this court's attention to pages 122-124 of the record to support its contention that it attempted to make work available to claimant. A review of those pages reveals the following: relator telephoned Dr. Petrovic on January 24, 1994, after claimant dropped off some insurance forms, to discuss the claimant. Apparently, Dr. Petrovic suggested that claimant had a secondary gain issue and that she was possibly conscious or unconscious of her chronic pain. Further, the doctor suggested a different type of medicine and indicated that claimant's problems involved sleep disturbance, inactivity, and depression. The doctor indicated that claimant could eventually perform a job with a mixture of sitting and standing but that she was not psychologically ready to do so. The notes also indicate that relator's supervisor in the billing department was telephoned and that she would be happy to work with claimant on returning to work and accommodating her need to stand and sit. Relator then received claimant's second application for PTD compensation and someone from relator informed claimant that she was not presently totally disabled. Allegedly, claimant responded that she had been sick for a year and was not getting better.
Although the notes indicate that relator considered the possibility of returning claimant to employment within certain work restrictions, there also is no evidence in the record that claimant had been released to work with or without restrictions. Further, as stated previously, by failing to raise this issue administratively, relator has waived this issue and has precluded from arguing it in this mandamus action. State ex rel. Quarto Mining Co. v. Foreman (1979), 79 Ohio St.3d 78. Relator simply has not shown that the commission abused its discretion in this regard.
Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in awarding claimant permanent total disability compensation and this court should deny relator's request for a writ of mandamus.