THE STATE EX REL. SINGLETON, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Singleton v. Indus.
Comm.* (1994), 71 Ohio St.3d 117.]

(No. 93–2105—Submitted October 11, 1994—Decided December 7, 1994.)

*Kondritzer, Gold, Frank & Crowley Co., L.P.A.,* and *Edward C. Ahlers,* for appellant.

*Lee I. Fisher,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellee.

*Per Curiam.* Claimant seeks to compel an award of permanent total disability compensation consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Alternatively, he seeks a return of the cause to the commission for further consideration and an amended order. We deny both requests and affirm the judgment below.

Claimant's challenge rests on the erroneous belief that the commission was bound by Farrell's vocational assessment. Part of the commission's authority to weigh and evaluate evidence, however, is the freedom to reject it as unpersuasive. Particularly as to vocational assessments, "[t]o bind the commission to a rehabilitation report's conclusion makes the rehabilitation division, not the commission, the ultimate evaluator of disability, contrary to [*State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946]." *State ex rel. Ellis v. McGraw Edison Co.* (1993), 66 Ohio St.3d 92, 94, 609 N.E.2d 164, 166.

Preliminary to awarding either of the petitioned remedies herein, there must be a finding of noncompliance with *Noll, supra.* The adequacy of an order's reasoning often turns on the consistency between the ultimate decision and the factors cited in support thereof. Where the factors cited, for example, readily suggest claimant's amenability to re-employment, the length of the commission's reasoning is generally immaterial, and mandamus relief will be denied. See, *e.g., State ex rel. Hart v. Indus. Comm.* (1993), 66 Ohio St.3d 95, 609 N.E.2d 166. On the other hand, a longer explanation by the commission will not suffice where the factors discussed do not readily coincide with the decision issued, and mandamus relief will be granted. See, *e.g., State ex rel. Soto v. Indus. Comm.* (1994), 69 Ohio St.3d 146, 630 N.E.2d 714.

The present explanation meets the *Noll* requirement. Medically, the claim is allowed exclusively for "broken left foot." That injury preceded claimant's denial of permanent total disability compensation by eight years. His permanent medical impairment was found to be quite low—ten percent. Equally important, aside from his education, claimant's nonmedical profile cannot be conclusively characterized as vocationally unfavorable. Claimant was sixty years old when permanent total disability compensation was denied—an age that need not automatically be considered an impediment to employment. Claimant's work history is even more conducive to characterization as an employment asset. Despite his tenth grade education, claimant possessed the intelligence to run his own produce business for six years. There is thus "some evidence" supporting the commission's conclusion that claimant "has the intelligence and skills to be rehabilitated/retrained."

The appellate judgment is accordingly affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK, J., dissents.