{¶ 1} In this original action, relator, Kenneth D. Simmons, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission"), to vacate its order which denied his application for permanent total disability ("PTD") compensation and ordering the commission to find that he is entitled to such compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12, Section M, of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law and has recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.)
 {¶ 3} There have been no objections filed to the magistrate's decision.
 {¶ 4} A review of the magistrate's decision and an independent review of the file shows there is no error of law or other defect on the face of the magistrate's decision and therefore, the court adopts the magistrate's decision. Therefore, the requested writ of mandamus is denied.
Writ of mandamus denied.
BOWMAN and TYACK, JJ., concur.
 IN MANDAMUS {¶ 1} Relator, Kenneth D. Simmons, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied his application for permanent total disability ("PTD") compensation and ordering the commission to find that he is entitled to that compensation.
Findings of Fact:
 {¶ 2} 1. Relator has sustained three industrial injuries in the course of his employment and his claims have been allowed as follows:
 {¶ 3} "* * * [Claim number 95-495034] has been allowed for: sprain lumbar region; aggravation of pre-existing grade I spondylolisthesis L5, S1 with degenerative disc disease; spondylosis at L5 level; small central protrusion at T12-L1; bulging disc T11-T12; major depressive disorder — recurrent, severe.
 {¶ 4} "Claim number 83-50301 allowed for: deep abrasion right middle finger with avulsion of nail.
 {¶ 5} "Claim number 90-50116 allowed for: laceration to left middle and ring fingers."
 {¶ 6} 2. On July 2, 2001, relator filed an application for PTD compensation. At the time, relator was 52 years old, had completed the tenth grade and had the ability to read, write and do basic math, but not well, and had maintained steady employment as a laborer with the same employer for 26 years, until the plant closed, then went on to work for an additional two years for another employer.
 {¶ 7} 3. Relator was examined by Robert L. Byrnes, Ph.D., for his allowed psychological condition on September 19, 2001. Dr. Byrnes issued a report wherein he indicated that relator's psychiatric condition had reached maximum medical improvement ("MMI") and he assessed a 25 to 30 percent whole person impairment. Dr. Byrnes opined that relator could not return to any of his former positions of employment; however, he could perform other sustained remunerative employment. Dr. Byrnes noted that relator's allowed mental condition, in and of itself, would not preclude him from returning to work in a nondemanding, nonstressful position.
 {¶ 8} 4. Relator was examined by Dr. Ronald M. Yarab with regard to his allowed physical conditions. Dr. Yarab issued a report, dated October 5, 2001, wherein he opined that relator had reached MMI, and assessed a nine percent whole person impairment for all of relator's allowed physical conditions. Dr. Yarab indicated that relator would be capable of performing physical work activity in the light work category.
 {¶ 9} 5. An employability assessment report was prepared by Beal D. Lowe, Ph.D., and dated December 4, 2001. Within the restrictions listed by Dr. Yarab, Dr. Lowe listed several jobs which relator could perform. Dr. Lowe concluded that relator's age was not a barrier to employment, that his tenth grade education was not a barrier to light duty work but would limit his opportunities for sedentary work and that his work history in only semi-skilled jobs does not demonstrate significant transferable skills and is not an employment asset except that it demonstrates stability in employment. Dr. Lowe concluded that, upon review of the background data, it was within reasonable probability to find that relator has the capacity for entry level light duty jobs.
 {¶ 10} 6. A vocational evaluation was performed by John Ruth, M.S., C.I.R.S., and dated December 17, 2001. Mr. Ruth concluded that relator would not be able to successfully seek or perform sustained remunerative employment now or in the future as his age would reduce his ability to adapt to new work situations, his education would not allow him to perform semi-skilled or skilled occupations, his physical limitations would reduce his vocational options by not allowing him to perform the type of work he performed in the past, and his work history with one employer would not allow him to transition to a totally new occupation.
 {¶ 11} 7. Relator's application was heard before a staff hearing officer ("SHO") on January 17, 2002, and resulted in an order denying the requested compensation. The SHO relied upon the medical reports of Drs. Yarab and Byrnes and concluded that relator could perform light duty work and that his psychological condition would not preclude him from working. The SHO then provided an analysis of the nonmedical disability factors and concluded that relator's age of 52 years was a vocationally neutral factor, that his tenth grade education, coupled with his ability to complete the application for PTD compensation, was sufficient to qualify for at least entry level employment, and that, based upon his employment, relator has general employment skills and could perform unskilled, entry level employment, after a short period of on-the-job training. (The commission's analysis of the nonmedical factors can be found at pages 43 through 45 of the record for the court's review.)
 {¶ 12} 8. Relator's request for reconsideration was denied by order of the commission mailed May 8, 2002.
 {¶ 13} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 14} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 15} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 16} Relator does not challenge the commission's reliance upon the medical reports of Drs. Byrnes and Yarab. Instead, relator challenges the commission's analysis of the nonmedical disability factors and contends that the commission's analysis is flawed as the SHO reached certain conclusions which are not supported by the other vocational evidence in the record. Relator specifically contends that the SHO is not an expert in vocational matters and must rely on the reports of vocational experts which have been submitted in the record. As such, relator contends that the commission cannot conduct its own analysis of the nonmedical disability factors and must rely on vocational evidence presented by vocational experts. For the reasons that follow, this magistrate disagrees.
 {¶ 17} In State ex rel. Singleton v. Indus. Comm. (1994),71 Ohio St.3d 117, the claimant argued that the commission was bound to accept the vocational assessment prepared by the vocational evaluator. The court responded as follows:
 {¶ 18} "* * * Part of the commission's authority to weight and evaluate evidence, however, is the freedom to reject it as unpersuasive. Particularly as to vocational assessments, '[t]o bind the commission to a rehabilitation report's conclusion makes the rehabilitation division, not the commission, the ultimate evaluator of disability, contrary to [State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167 * * *].' State ex rel. Ellis v. McGraw Edison Co. (1993), 66 Ohio St.3d 92, 94 * * *." Id. at 118.
 {¶ 19} In State ex rel. Jackson v. Indus. Comm. (1997),79 Ohio St.3d 266, the court stated the commission can reject vocational reports and conduct its own analysis of the nonmedical disability factors.
 {¶ 20} Clearly, relator's argument has been rejected by the Ohio Supreme Court. In reviewing the commission's order, this magistrate concludes that the commission provided a sufficient analysis and explanation of the nonmedical disability factors and that the commission's order meets the requirements of Noll as well. As such, relator has not shown that the commission abused its discretion in conducting its own analysis of the nonmedical disability factors and that the commission's analysis is sufficient to withstand a challenge to it.
 {¶ 21} Based on the foregoing, it is this magistrate's decision that relator has not shown that the commission abused its discretion and this court should deny relator's request for a writ of mandamus.