DECISION
{¶ 1} Relator, Henry L. Nash, has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order denying his application for permanent total disability compensation and to enter a new order finding that he is entitled to such compensation pursuant to State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision, including findings of fact and conclusions of law. (Attached hereto as Appendix A.) The magistrate concluded that relator failed to establish that the commission had abused its discretion and that this court should deny the requested writ.
 {¶ 3} Relator filed an objection to the decision of the magistrate. As discussed more than adequately in the decision of the magistrate, there is no legal requirement that the commission rely only upon vocational assessments prepared by examiners who have had first-hand interaction with the claimant. Further, the record fails to demonstrate that relator's counsel was precluded by the hearing officer from attempting to pursue questions regarding the strength requirements of his prior jobs. Relator has the burden of demonstrating that the commission abused its discretion. The record fails to support this claim.
 {¶ 4} However, the decision of the magistrate does contain an error on page five in the final paragraph in which the previous argument is discussed. In that paragraph, in both the ninth and eleventh lines the word should be "elicit" not "illicit." Accordingly, the decision of the magistrate is modified on page five to read in the fifth and sixth sentences:
 {¶ 5} "Relator contends that, during the hearing, his attorney attempted to elicit information from him to show that the work he had performed had been medium strength work rather than light duty work. (Stipulation at 104.) Relator contends that the hearing officer refused to permit his attorney to elicit information concerning the physical demands of his job due to time limitations. * * *"
 {¶ 6} Following independent review, pursuant to Civ.R. 53, we find that the magistrate had properly determined the pertinent facts and with the modification noted hereinabove applied the salient law to them. Accordingly, we adopt the modified decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with that decision, the requested writ is denied.
Objection overruled; writ of mandamus denied.
BOWMAN and BRYANT, JJ., concur.
 DECISION IN MANDAMUS {¶ 1} Relator, Henry L. Nash, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied his application for permanent total disability ("PTD") compensation and ordering the commission to find that he is entitled to such compensation pursuant to State ex rel. Gay v. Mihm (1994),68 Ohio St.3d 315.
Findings of Fact:
 {¶ 2} 1. Relator sustained a work-related injury on September 10, 1979, and his claim has been allowed for: "strain lower back; para lumbar muscle spasm; aggravation of a degenerative disc disease; herniated disc L4-5."
 {¶ 3} 2. In December 1995, relator retired from his employment with respondent Newell Rubbermaid, Inc. ("employer").
 {¶ 4} 3. On January 9, 1998, relator filed an application for PTD compensation. Relator indicated that he was 59 years old, had last worked in July 1998, had completed the seventh grade and had not obtained a GED. His previous work experience has been as a forklift operator, stock services, truck driver, and general laborer.
 {¶ 5} 4. Relator's application was supported by the January 23, 1998 report of Dr. Alan Newman who assessed a 30 percent permanent partial impairment and opined that it was highly improbable that relator would be able to return to work at full capacity.
 {¶ 6} 5. Relator was examined by Dr. Paul A. Steurer, Jr., who issued a report dated March 25, 1999. Dr. Steurer opined that relator had reached maximum medical improvement, had a 25 percent permanent partial impairment, was prevented from returning to his former position of employment, but would be capable of working within certain restrictions. Dr. Steurer completed an occupational activity assessment wherein he indicated that relator could sit, stand, and walk each for zero to three hours; could lift, carry, push, pull or otherwise move up to ten pounds for three to five hours and up to 20 pounds for zero to three hours; could occasionally climb stairs, ladders, use foot controls, crouch, stoop, bend, kneel, reach overhead, at waist and knee level; was unrestricted in his ability to handle objects; and was precluded from reaching at floor level.
 {¶ 7} 6. An independent medical examination was performed by Dr. Daniel M. Dorfman who issued a report dated November 11, 1998. Dr. Dorfman opined that relator had reached maximum medical improvement, assessed a 25 percent whole person impairment, indicated that relator could not return to his former position of employment, but opined that relator would be capable of functioning in a sedentary to light physical demand work level provided there was no repetitive lifting greater than 20 pounds and no repetitive bending, stooping, squatting, climbing or crawling. Dr. Dorfman also indicated that relator would have to limit his standing to 30 minute intervals and change position from sit to stand as needed for comfort.
 {¶ 8} 7. On May 14, 1999, Penny Carr, M.Ed., CRC, CCM, CDMS, prepared an employability assessment for the commission based upon a review of relator's records. Based upon the medical report of Dr. Steurer, Ms. Carr indicated that relator could immediately perform the following jobs: "Surveillance System Monitor, Escort Vehicle Driver, Parking Lot Attendant; Assembler, Sorter, Engraver, Hand Packer." Following appropriate academic remediation or brief skill training, Ms. Carr opined that relator could perform the following additional jobs: "Gate Guard, Dispatcher, Telephone Solicitor, Cashier, Production Inspector." Ms. Carr found that relator's age of 60 years would be a minor barrier to employment, that his seventh grade education would be a barrier to employment, but that his work history would be a positive vocational asset because he was able to maintain semiskilled employment his entire career, he had worked at a light duty demand level, he worked for the same employer following his injury, and he was able to obtain work as a forklift operator for another company and worked until 1998. Ms. Carr also noted that there was no evidence in the record that relator had attempted to upgrade his education or that he had participated in vocational rehabilitation even though he had been contacted several times.
 {¶ 9} 8. Relator's application for PTD compensation was heard before a staff hearing officer ("SHO") on April 17, 2002, and resulted in an order denying the application. The SHO relied upon the medical reports of Drs. Dorfman and Steurer and concluded that relator was capable of engaging in light duty employment. The commission also relied upon the vocational report prepared by Ms. Carr and noted her analysis of the nonmedical vocational factors. The commission also noted relator's attempts to enter the workforce in Florida at positions similar to positions he had held with the employer, absent any medical evidence indicating that he was precluded from working at those positions, indicates that relator had the ability to work at sedentary positions. The commission also noted that relator had testified that he suffered from back problems while he was in Florida and that those back problems caused him to quit both the jobs he had in Florida; however, the commission noted that relator had failed to provide medical documentation to establish that he was precluded from working in those positions. Based upon the reports of Drs. Dorfman, Steurer and Ms. Carr's vocational assessment, the commission concluded that relator was capable of finding employment as a surveillance system monitor, escort vehicle driver, parking lot attendant, assembler, sorter, hand packer, gate guard, or production inspector. As such, the commission denied relator's application.
 {¶ 10} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 11} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 12} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. Gay, supra. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 13} Relator does not challenge the commission's determination that he is physically capable of performing sedentary to light duty work. However, relator argues that the commission's analysis of the nonmedical factors does not comply with Noll and that the commission should be ordered to grant him PTD compensation. Furthermore, relator contends that it is an abuse of discretion for the commission to rely upon vocational reports prepared by examiners who have not personally interviewed and tested the claimant.
 {¶ 14} First, with regard to relator's argument that the commission should not be permitted to rely upon vocational reports prepared by vocational examiners who have not examined a claimant, this magistrate finds that there is no such requirement in the law. The commission is not required to accept or rely upon vocational reports prepared by any vocational evaluator because the commission is the ultimate evaluator of disability. See State ex rel. Jackson v. Indus. Comm. (1997), 79 Ohio St.3d 266, and State ex rel. Singleton v. Indus. Comm. (1994), 71 Ohio St.3d 117. Furthermore, questions of credibility and the weight to be given evidence were clearly within the discretion of the commission as fact finder. Teece, supra. Whether or not a vocational evaluator has interviewed and examined a particular claimant goes to the weight and credibility of the evidence and not to its admissibility as evidence. As such, a vocational report prepared by a vocational evaluator who has not examined a claimant can constitute some evidence upon which the commission may rely and relator's argument fails.
 {¶ 15} Second, relator contends that Ms. Carr and the commission both erred in finding that his prior work experience had included light physically demanding positions. Relator points out that the employer submitted vocational evidence indicating that relator's job as a stock service employee required that he be able to lift 50 to 60 pounds by hand as well as operate a forklift truck. Upon review of the record, this magistrate does not find any evidence presented by relator in the record indicating what the strength level of relator's prior jobs were. Instead, relator only listed the job titles of those jobs which he had previously performed. Relator contends that, during the hearing, his attorney attempted to illicit information from him to show that the work he had performed had been medium strength work rather than light duty work. (Stipulation at 104.) Relator contends that the hearing officer refused to permit his attorney to illicit information concerning the physical demands of his job due to time limitations. However, upon review of the transcript from the hearing, this magistrate finds that, although his attorney was questioning him regarding his job duties at his former employment, there is no indication that relator was attempting to get into evidence information concerning the physical demands of his job. Instead, his attorney was focusing on specific duties that relator had performed in his prior employment.
 {¶ 16} Based upon his job title and description, both the vocational expert and the commission concluded that his prior work had included light duty work. Inasmuch as relator did not present evidence to the contrary, this magistrate cannot say that the commission abused its discretion in concluding that his prior work experience was in light duty employment. As such, this argument of relator fails as well.
 {¶ 17} Relator also contends that the commission abused its discretion by not identifying transferable skills. However, the commission is not required to identify transferable skills before it finds that a claimant is capable of performing some sustained remunerative employment. In the present case, Ms. Carr identified jobs which relator would be capable of performing immediately. These jobs are considered entry-level jobs and there is no indication that relator would need transferable skills to be able to perform these jobs. As such, the commission's failure to identify transferable skills does not constitute an abuse of discretion.
 {¶ 18} Because this magistrate finds that relator's arguments that the com-mission's order violates the requirements of Noll is not supported by the record, relief pursuant to Gay is inappropriate.
 {¶ 19} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying his application for PTD compensation and this court should deny relator's request for a writ of mandamus.