DECISION
{¶ 1} Relator, Deanna Stewart, commenced this original action requesting this court to issue a writ of mandamus that orders respondent Industrial Commission of Ohio ("commission") to vacate its order denying her application for permanent total disability ("PTD") compensation, and ordering the commission to find that she is entitled to that requested compensation.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R.53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (Attached as "Appendix A".) The magistrate concluded that the commission did not abuse its discretion in denying relator compensation based on relator's ability to gain entry-level employment in unskilled trades. Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator has filed objections to the magistrate's decision. Relator's first objection contends that the magistrate misapplied the law as stated in State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. In particular, relator contends the magistrate improperly applied State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. As indicated by the magistrate, Stephenson does place considerable emphasis on a claimant's ability to perform any work when determining whether the claimant is permanently and totally disabled. Therefore, we conclude the magistrate was correct in applying Domjancic. The magistrate was also correct in her analysis and application of Stephenson.
 {¶ 4} Relator's second objection contends that the commission's order is deficient under State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203. We conclude the commission's order is sufficient under Noll.
 {¶ 5} For the reasons stated in the decision of the magistrate, the objections are overruled.
 {¶ 6} Following independent review, pursuant to Civ.R.53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the decision of the magistrate as our own, including the findings of fact and conclusion of law contained in it. In accordance with the decision of the magistrate, we deny the requested writ.
Objections overruled; writ denied.
BRYANT and LAZARUS, JJ., concur.
 APPENDIX A IN MANDAMUS {¶ 7} Relator, Deanna J. Stewart, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for permanent total disability ("PTD") compensation, and ordering the commission to find that she is entitled to that requested compensation.
 Findings of Fact: {¶ 8} 1. Relator sustained a work-related injury on September 25, 1993, and her claim has been allowed for: "lumbar sprain; herniated disc at L4-L5; chronic bilateral L4-S1 radiculopathy left greater than right; aggravation of pre-existing dysthymic disorder."
 {¶ 9} 2. On April 17, 2001, relator filed an application for PTD compensation.
 {¶ 10} 3. Relator's application was supported by the April 9, 2001 report of her treating physician Dr. Keith Jarman and concluded as follows: "Ms. Stewart's present activity limitations are based on a pattern of chronic pain. I believe her present chronic pain pattern/condition would not allow a return to sustained and gainful employment."
 {¶ 11} 4. Relator also submitted the November 5, 2001 report of Dr. Lowell G. Foster who concluded that relator was permanently and totally disabled as a result of her allowed psychological condition.
 {¶ 12} 5. Relator was examined by Dr. James T. Lutz on July 10, 2001. Dr. Lutz concluded that relator had reached maximum medical improvement ("MMI"), assessed a ten percent whole person impairment, and concluded that relator was capable of performing sedentary work as defined in the Ohio Administrative Code.
 {¶ 13} 6. Relator was also examined by Dr. Michael T. Farrell on July 6, 2001 regarding her allowed psychological condition. Dr. Farrell concluded that relator's depression was permanent in nature, had reached MMI, and he assessed a 30 percent whole person impairment. Dr. Farrell concluded as follows:
 {¶ 14} "* * * The related psychopathology is not entirely work prohibitive, but certainly would prevent return to her previous employment as a barmaid or waitress. There is a mild impairment in her stress tolerance. There is a mild impairment in her ability to relate with others including co-workers, supervisors, and the general public. She is adequately cognitively intact."
 {¶ 15} 7. An employability assessment report was prepared by Brian L. Womer, MRC, CRC, and dated August 10, 2001. Based upon the medical report of Dr. Jarman, Mr. Womer concluded that there were no jobs which relator could perform. However, based upon the reports of both Drs. Farrell and Lutz, Mr. Womer listed several jobs which, in his opinion, relator would be able to perform. With regard to relator's age, Mr. Womer indicated that her age would likely pose work adjustment issues in adjusting to new jobs and/or work settings. Mr. Womer noted relator's ninth grade education, the fact that she can write and do basic math, and she can read, but not well, and noted that this would indicate reasonably developed academic skills required to perform some entry-level occupations. Concerning her work history, Mr. Womer noted that it had been an unskilled and semi-skilled work which correlated with work temperaments including doing repetitive work, doing precise work to close tolerances, and working with people. Mr. Womer did indicate that relator would not have acquired significant work skills that would be transferable to other light or sedentary jobs and that she would likely experience work adjustment issues. Mr. Womer also indicated that, based upon his review of background data, primarily her work history, relator would be able to reasonably develop academic or other skills required to perform entry-level work.
 {¶ 16} 8. Relator's application was heard before a staff hearing officer ("SHO") on May 6, 2002, and resulted in an order denying her requested compensation based upon the medical reports of Drs. Lutz and Farrell, and the vocational report of Mr. Womer. Based upon the report of Dr. Lutz, the commission concluded that relator could perform sedentary work. The commission addressed the report of Dr. Farrell and noted the specific limitations which Dr. Farrell indicated including relator's mild impairment in her stress tolerance and her ability to relate to others including co-workers, supervisors, and the general public. After discussing Mr. Womer's report, the commission provided its own analysis of the non-medical disability factors. Specifically, the commission noted as follows:
 {¶ 17} "The Staff Hearing Officer finds that the claimant is 57 years old, has a 9th grade education, and work experience as a bar maid, waitress, bakery worker, laundry worker and cashier. The Staff Hearing Officer finds that the claimant's age is a neutral factor in that it would not prevent her from adapting to new work rules, processes, methods, procedures and tools involved in a new occupation. However, the Staff Hearing Officer finds that the claimant's age would make it difficult for her to participate in academic programs aimed at remediation. The Staff Hearing Officer further finds that the claimant's 9th grade education with the ability to write and perform mathematics but not read well, would pose some difficulties in enabling her to access occupations involving clerical abilities. However, the Staff Hearing Officer finds that the claimant would be able to access unskilled, entry level occupations. The Staff Hearing Officer further reviewed the claimant's work history and finds that she did not acquire transferable work skills to sedentary occupations. The Staff Hearing Officer finds that the claimant would be limited in performing unskilled, entry-level occupations based on her lack of transferable work skills. Considering the claimant's age, education, and work experience in conjunction with the limitations and capabilities associated with the allowed conditions in the claim, the Staff Hearing Officer finds that the claimant would be capable of performing the employment options noted in the vocational report of Mr. Womer, such as: security system monitor, hand mounter, telephone solicitor, microfilm document preparer, wire coater, insulator, and patcher.
 {¶ 18} "Accordingly, the claimant's Application for Permanent Total Disability Compensation is denied."
 {¶ 19} 9. Relator's request for reconsideration was denied by order of the commission mailed July 24, 2002.
 {¶ 20} 10. Thereafter, relator filed the instant mandamus action in this court.
 Conclusions of Law: {¶ 21} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus.Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 22} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel.Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 23} Relator contends that the commission's order does not comply with the requirements of Noll. Relator contends that the commission's order is not specific enough to meet the requirements ofNoll as the commission did not explain how she could perform the jobs listed in view of her recognized disabilities. According to relator, the commission simply "cut and pasted" various portions of the reports upon which it relied without explaining its decision. Relator contends that one is left to imagine the commission's rationale. This magistrate disagrees.
 {¶ 24} Noll requires that the commission's orders specify that evidence upon which it has relied and provide a brief explanation for their reasoning. In the present case, the commission indicated that it relied upon the medical reports of Drs. Lutz and Farrell, and the vocational report of Mr. Womer. The commission then provided its own analysis of the non-medical disability factors. Specifically, the commission noted that relator's age of 57 was a neutral factor which would not prevent her from adapting to new work rules, processes, methods, procedures, and tools involved in a new occupation, although, the commission noted that her age would make it difficult for her to participate in academic programs aimed at remediation. Regarding relator's education, the commission noted that relator's education and her ability to write and perform mathematics but not read well would pose some difficulties in enabling her to access occupations involving clerical abilities. However, the commission concluded that relator would be able to access unskilled, entry-level occupations. The commission did specifically note that relator did not acquire any transferable skills to sedentary occupations and that relator would be limited in performing unskilled, entry-level occupations. The commission then noted that it agreed with the report of Dr. Womer and that relator would be capable of performing occupations such as security system monitor, hand mounter, telephone solicitor, microfilm document preparer, wire cutter, insulator, and patcher. Further, relator contends that the commission must identify past skills as well as those skills which can be developed in its analysis. However, in this case, the commission noted that relator had no transferable skills and that it was unlikely she could develop new skills. However, that does not preclude relator from being able to perform unskilled jobs which, by definition, do not require any special skills at all. Contrary to relator's assertions, the commission's order does meet the requirements of Noll.
 {¶ 25} Relator contends that the commission needs to give a more detailed explanation of specific jobs that it indicates she could perform and how she can perform those jobs. This magistrate disagrees. It is enough that the commission provide its analysis of the non-medical disability factors and indicate that there are some jobs which relator is capable of performing.
 {¶ 26} Relator also contends that the commission cannot rely upon the vocational report of Mr. Womer and then render an opinion which differs in any way from Mr. Womer's vocational opinion. This magistrate disagrees. The commission has the discretion to accept one vocational report while rejecting another vocational report. State ex rel. Jacksonv. Indus. Comm. (1997), 79 Ohio St.3d 266. Furthermore, to bind the commission to a rehabilitation report's conclusions makes the rehabilitation division, and not the commission, the ultimate evaluator of disability, contrary to Stephenson. State ex rel. Singleton v. Indus.Comm. (1994), 71 Ohio St.3d 117. The commission was not required to accept every conclusion reached by Mr. Womer and the commission did not. Instead, the commission provided its own analysis.
 {¶ 27} Relator also contends that the commission was required to explain how she could become employed in light of the commission's conclusion that she had no transferable skills. As stated previously, this magistrate disagrees. The commission specifically found that relator would be capable of immediately performing entry-level work for which she needed neither transferable skills nor any other specialized knowledge.
 {¶ 28} Based upon the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion by denying her application for PTD compensation and this court should deny relator's request for a writ of mandamus.