DECISION
{¶ 1} Relator, FM Express, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which granted permanent total disability ("PTD") compensation to respondent, Robert B. Chambers, Jr. ("claimant"), and ordering the commission to find that claimant is not entitled to that compensation. In the alternative, relator requests a writ of mandamus ordering the commission to vacate its order granting claimant PTD compensation and redetermining the issue after providing relator the opportunity to submit its own vocational evidence.
 {¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based upon an independent review of the evidence, this court adopts the magistrate's decision. Relator's request for a writ of mandamus is denied.
Writ denied.
Klatt, P.J., and Travis, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. FM Express, Inc.,:
Relator, :
v. : No. 05AP-812
The Industrial Commission of Ohio : and Robert B. Chambers, Jr., :
Respondents. :
 MAGISTRATE'S DECISION Rendered on January 31, 2006 Dunlevey, Mahan Furry, and William H. Barney, III, for relator.
Jim Petro, Attorney General, and Stephanie L. Van Meter,
for respondent Industrial Commission of Ohio.
E.S. Gallon and Associates, and Richard M. Malone, for respondent Robert B. Chambers, Jr.
 IN MANDAMUS {¶ 4} Relator, FM Express, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted permanent total disability ("PTD") compensation to respondent Robert B. Chambers, Jr. ("claimant"), and ordering the commission to find that claimant is not entitled to that compensation. In the alternative, relator requests a writ of mandamus ordering the commission to vacate its order granting claimant PTD compensation and redetermining the issue after providing relator the opportunity to submit its own vocational evidence.
Findings of Fact:
 {¶ 5} 1. Claimant sustained a work-related injury on December 6, 2002, and his claim was allowed for "contusion of knee right, sprain of wrist left, tear medial meniscus knee-current right, chondromalacia patellae right, degenerative joint disease right knee."
 {¶ 6} 2. On May 5, 2004, claimant filed an application for PTD compensation supported by the February 11, 2000 report of his treating physician, Shelli A. Powell, M.D. Dr. Powell opined that claimant was permanently and totally disabled as a result of the allowed physical conditions in the claim.
 {¶ 7} 3. At the request of the commission, claimant was examined by James B. Hoover, M.D., who issued a report dated Jun 21, 2004. Dr. Hoover opined that claimant had reached maximum medical improvement ("MMI"), assessed a 12 percent whole person impairment, and concluded that claimant was capable of performing sedentary physical work activity.
 {¶ 8} 4. In a vocational prehearing conference letter sent by the commission on July 9, 2004, the parties were notified as follows with regard to the submission of vocational evidence:
Pursuant to Ohio Administrative Code Rule 4121-3-34(C)(6)(b)all parties are advised they have until 07/26/2004 which is 14 days from the mailing date of this letter to make writtennotification to the Industrial Commission of their intent tosubmit additional vocational information on the issue of the injured worker's permanent and total disability application. Ifnotification is not received within the above fourteen (14) day period, the submission of additional vocational information willbe deemed to have been waived by the party.
 Upon timely notification, the additional vocationalinformation shall be submitted to the Industrial Commission by08/26/2004 which is 45 days from the mailing date of this letter. Upon expiration of the forty-five (45) day period, no further information will be accepted without prior approval from the hearing administrator.
(Emphasis added.)
 {¶ 9} 5. By letter dated July 23, 2004, counsel for claimant advised the commission of its intent to submit additional vocational information.
 {¶ 10} 6. On August 26, 2004, claimant submitted the August 23, 2004 vocational report of Jennifer J. Stoeckel, Ph.D. Based upon her examination and the information provided and reviewed, Dr. Stoeckel opined that claimant was permanently and totally disabled due to his allowed physical conditions, his residual impairment, and vocational characteristics. Dr. Stoeckel noted that claimant has no skills transferable to sedentary work, that his age of 61 would interfere with his ability to compete with younger workers as well as his ability to acquire new skills, that the vocational testing indicates that claimant functions at the below average range for intellectual, academic, and vocational functions, but, according to her testing, claimant is functionally illiterate, that claimant has a limited eighth grade education and has failed to obtain a GED, and that claimant's previous attempt at rehabilitation failed.
 {¶ 11} 7. Relator did not have claimant examined from a vocational standpoint and submitted no vocational evidence. Although Dr. Stoeckel's report was logged on to the Ohio Bureau of Workers' Compensation website, it is unclear whether counsel for claimant mailed a copy of Dr. Stoeckel's report to relator or its representative prior to the hearing before the commission on claimant's PTD application.[1]
 {¶ 12} 8. Claimant's application was heard before a staff hearing officer ("SHO") on September 2, 2004. The SHO relied upon the medical reports of Drs. Powell and Hoover and concluded that, while claimant could not return to his former position of employment as a truck driver, he was capable of engaging in sedentary work activities within the restrictions and abilities noted by Dr. Hoover. The commission then summarized the vocational assessment completed by Dr. Stoeckel and made the following conclusions relative to the nonmedical disability factors:
The Staff Hearing Officer finds that the injured worker is 68 years of age, with prior work experience as a truck driver. The Hearing Officer further finds that the injured worker's age of 68 is a negative factor regarding his ability to adjust to new types of employment which would involve new work environments, new work methods and tools. The Staff Hearing Officer further finds that the injured worker functions at a below average range and level for intellectual, academic, and vocational function. The Hearing Officer finds that the injured worker is functionally illiterate. The Hearing Officer further finds that the injured worker lacks skills which would be transferable to sedentary work. The Hearing Officer further finds that the injured worker's educational and intellectual functions preclude him from developing sufficient skills to perform sedentary work activities. The Hearing Officer finds that the injured worker's age and past work history preclude him from returning to any employment activity.[2]
 {¶ 13} 9. Relator filed an appeal from the SHO's order granting claimant PTD compensation and made the following arguments: (1) while the SHO indicated that claimant was 68 years old, claimant is actually 61 years old; and (2) Dr. Stoeckel noted that claimant suffers from depression, a nonallowed condition, and that her conclusion that claimant is functionally illiterate is inconsistent with the fact that, as a truck driver, claimant was able to read road signs, write orders and complete driver logs.
 {¶ 14} 10. The commission considered relator's appeal as one for reconsideration and heard relator's request for reconsideration on January 4, 2005, after finding a clear mistake of fact in the SHO's order. The commission specifically indicated that the SHO had stated that claimant was 68 years old when, in fact, he was only 61 years old. In all other respects, the commission affirmed the prior SHO's order in its entirety.
 {¶ 15} 11. Relator filed another request for reconsideration arguing that claimant was required, by letter of the commission, to submit a letter of intent to submit additional evidence no later than May 21, 2004, in order to have that evidence considered. Inasmuch as claimant's letter indicating that he intended to submit additional vocational evidence was dated July 23, 2004, relator argued that the vocational report of Dr. Stoeckel was untimely submitted and that the commission was precluded from receiving, considering, and relying upon it.
 {¶ 16} 12. In response thereto, claimant submitted a memorandum contra indicating that the letter to which relator was referring involved the filing of additional "medical" evidence and not vocational evidence.
 {¶ 17} 13. By order mailed June 2, 2005, relator's request for reconsideration was denied.
 {¶ 18} 14. On June 21, 2005, relator submitted another request for reconsideration arguing that counsel for claimant had failed to provide relator with a copy of Dr. Stoeckel's report prior to the hearing on claimant's PTD application. Relator argued that it had no knowledge that any vocational evidence was going to be submitted and that it was prejudiced by the fact that claimant submitted the report of Dr. Stoeckel.
 {¶ 19} 15. By order mailed July 14, 2005, the commission construed relator's motion as a request for reconsideration and denied it.
 {¶ 20} 16. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 21} In this mandamus action, relator contends that claimant and claimant's counsel failed to comply with Ohio Adm. Code 4121-3-09 by failing to provide relator and/or relator's representative with a copy of Dr. Stoeckel's report and that the commission abused its discretion by failing to strike the report of Dr. Stoeckel in its entirety, or, at a minimum, failing to continue the matter to a later date so that relator could submit a vocational report. For the reasons that follow, this magistrate rejects relator's arguments.
 {¶ 22} Ohio Adm. Code 4121-3-09 provides, in relevant part, as follows:
(A) Proof and discovery.
(1) In every instance the proof shall be of sufficient quantum and probative value to establish the jurisdiction of the commission to consider the claim and determine the rights of the injured worker to an award. Proof may be presented by affidavit, deposition, oral testimony, written statement, document, or other forms of evidence.
(a) The parties or their representatives shall provide to each other, as soon as available and prior to hearing, a copy of the evidence the parties intend to submit at a commission proceeding.
(b) In the event a party fails to comply with paragraph (A)(1)(a) of this rule, the hearing officer has the discretion to continue the claim to the end of the hearing docket, or to a future date with instructions to the parties or their representatives to comply with the rule.
 {¶ 23} Relator argues that claimant and his counsel violated Ohio Adm. Code 4121-3-09(A)(1)(a) by failing to provide relator and/or relator's counsel, as soon as available and prior to the hearing, a copy of Dr. Stoeckel's report. Relator contends that, inasmuch as it did not have adequate notice of Dr. Stoeckel's report, the commission was required to continue that matter.
 {¶ 24} Based upon the record, the magistrate cannot determine whether or not claimant's counsel failed to provide relator with a copy of Dr. Stoeckel's report "as soon as available" pursuant to Ohio Adm. Code 4121-3-09(A)(1)(a). However, Ohio Adm. Code4121-3-09(A)(1)(b) provides the remedy in the event that a party fails to comply with paragraph (A)(1)(a). Pursuant to subsection (b), the SHO had the discretion to continue the matter until the end of the hearing docket or to a future date with instructions to the parties and/or their representatives to comply with the rule. Upon review of the record in the present case, there is no indication that relator, its representative, or counsel, requested a continuance. Instead, it appears from the evidentiary materials before this court, that relator attempted to submit a copy of claimant's employment application at the hearing to contradict Dr. Stoeckel's report; however, the SHO did not permit it.
 {¶ 25} An abuse of discretion connotes more than just an error of law. It exists where the tribunal's attitude, evidence by its decision was unreasonable, arbitrary, or unconscionable. See, e.g., Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Furthermore, on review, this court may not substitute its judgment for that of the commission. For the reasons that follow, this magistrate finds that the commission did not abuse its discretion.
 {¶ 26} First, there is no evidence that relator asserted at the hearing before the SHO that a continuance was necessary and that it was prejudiced by its failure to have received a copy of Dr. Stoeckel's report prior to the hearing. Second, relator was as free to submit vocational evidence as was claimant. The fact that relator failed to have a vocational report prepared and timely submitted before the hearing is not a concern of the commission. Both relator and claimant could have presented vocational evidence before the commission. In the present case, the claimant chose to do so while relator did not. Third, although vocational evidence can be presented before the commission, it is not necessary. Furthermore, even where vocational evidence is presented, the commission is completely free to ignore it. The commission has the discretion to accept one vocational report while rejecting another vocational report and the commission may do so without giving any explanation. SeeState ex rel. Jackson v. Indus. Comm. (1997),79 Ohio St.3d 266. In State ex rel. Singleton v. Indus. Comm. (1994),71 Ohio St.3d 117, the Supreme Court of Ohio noted that binding the commission to a rehabilitation report's conclusions would make the rehabilitation division, and not the commission, the ultimate evaluator of disability contrary to the mandates of State exrel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167. Lastly, relator has not demonstrated that it was prejudiced.
 {¶ 27} Relator cites decisions in support of its arguments. The first is State ex rel. Darling-Ramos v. Paramount Stampingand Welding Co., Franklin App. No. 03AP-941, 2004-Ohio-5265. In that case, the employer had allegedly surprised the injured worker by bringing an expert witness to testify against the injured worker at the hearing. The injured worker argued that the employer had violated Ohio Adm. Code 4121-3-09(A)(1)(a) by failing to share the substance of the evidence to which the witness would testify prior to the hearing. This court held that the rule does not apply to live testimony but to evidence submitted on paper. Furthermore, this court found that the injured worker could have submitted evidence contradicting the live testimony at the hearing itself. This court found that the injured worker was not prejudiced.
 {¶ 28} Relator argues that, in Darling-Ramos, this court stated that Ohio Adm. Code 4121-3-09 applies in the present case. This magistrate does not disagree with that statement. Ohio Adm. Code 4121-3-09(A)(1)(a) does require that a copy of the vocational report was to be provided to relator "as soon as available." However, this court's decision in Darling-Ramos
does not warrant the granting of a writ of mandamus in the present case. First, it is not clear that Ohio Adm. Code4121-3-09(A)(1)(a) was violated. Second, relator could have submitted its own vocational report prior to the hearing but failed to do so. And third, relator could have requested a continuance, but did not. Relator has not demonstrated that the commission abused its discretion.
 {¶ 29} Relator also discusses an administrative decision from 1999 wherein the full commission vacated a prior SHO's order because claimant had violated the above-cited Ohio Administrative Code provision by submitting a transcript of an interview with the claimant at the SHO hearing. In that case, the employer's representative actually requested a continuance because claimant's counsel had only shared this evidence immediately prior to the hearing. The SHO had refused to grant a continuance; however, the commission determined that a continuance, in that case, was necessary.
 {¶ 30} Because neither relator nor its representative requested a continuance in the present case, the administrative decision discussed in relator's brief would not apply even if it were binding on this court.
 {¶ 31} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion by not granting a continuance and relator has failed to make any assertions that the ultimate granting of PTD compensation by the commission was not based upon some evidence. As such, relator's request for a writ of mandamus should be denied.
[1] Counsel for relator indicates that relator may have received a copy of the report the day before the hearing.
[2] Relator asserts that it attempted to produce evidence at the hearing to contradict the vocational report of Dr. Stoeckel; however, the SHO did not permit such.