**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Gulley v. Indus. Comm.,* **Slip Opinion No. 2017-Ohio-9131.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9131

THE STATE EX REL. GULLEY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Gulley v. Indus. Comm.,* **Slip Opinion No. 2017-Ohio-9131.]**

*Workers' compensation—Permanent total disability—Industrial Commission must review all vocational evidence before determining whether claimant is entitled to compensation—Court of appeals' judgment granting limited writ affirmed—Limited writ granted.*

(No. 2016-1199—Submitted June 20, 2017—Decided December 21, 2017.)

APPEAL from the Court of Appeals for Franklin County, No. 15AP-759.

_____

**Per Curiam**.

{¶ 1} Appellant, Industrial Commission of Ohio, appeals the judgment of the Tenth District Court of Appeals in which the court concluded that the commission should not have denied the application of appellee, Lloyd Gulley Jr.,

for permanent-total-disability compensation. The Industrial Commission denied the application based, in part, on Gulley's refusal to participate in rehabilitative services. The court issued a limited writ of mandamus ordering the commission to address the merits of Gulley's application without relying on his alleged refusal to accept vocational-rehabilitation services.

{¶ 2} For the reasons that follow, we affirm the judgment of the court of appeals to the extent that it granted a limited writ, but consistent with the analysis of the separate opinion filed in the court of appeals, we order the commission to consider all the evidence in the record that is related to vocational-rehabilitation services when considering Gulley's application.

**Facts and Procedural History**

{¶ 3} Gulley was injured on November 9, 2009, when he slipped off a piece of heavy equipment at work. His workers' compensation claim was allowed for various medical conditions involving his left shoulder, back, hand, and arm. His claim was also allowed for depressive disorder and pain disorder. Gulley has not worked since his accident.

{¶ 4} The Bureau of Workers' Compensation approached Gulley in 2010 and again in 2012 regarding the opportunity for rehabilitation and retraining to return to the workforce. On both occasions, Gulley indicated that he was not interested in the program.

{¶ 5} In June 2014, Gulley's counsel referred him to Assertive Vocational Services for vocational rehabilitation. The commission approved the request. Khanisha McCoy, a rehabilitation counselor, performed an assessment. She issued a report on August 1, 2014, in which she concluded that Gulley did not appear to be a feasible candidate for vocational-rehabilitation services. Consequently, the bureau closed Gulley's rehabilitation file.

{¶ 6} Gulley then applied for permanent-total-disability compensation. Gulley's counsel hired McCoy to assess Gulley's employment potential. McCoy

issued a report in April 2015 in which she addressed the issue in greater depth than she had in her previous report. She concluded that Gulley was not employable.

**{¶ 7}** A staff hearing officer denied Gulley's application. The hearing officer concluded, based on the evidence in the record, that Gulley was medically capable of performing sedentary work. The hearing officer determined that his negative nonmedical factors of age (64), education level (6th grade), and prior work experience (heavy-equipment operator) were outweighed by his lack of interest in vocational rehabilitation in 2010 and 2012. The hearing officer also rejected McCoy's reports as tainted because she had been originally hired by the bureau and then was hired by Gulley's attorney to perform the vocational assessment, resulting in a conflict of interest. Based on his own assessment, the hearing officer concluded that Gulley could likely be retrained and return to work.

**{¶ 8}** The commission denied Gulley's request for reconsideration.

**{¶ 9}** Gulley filed a complaint for a writ of mandamus alleging that the commission had abused its discretion. The court of appeals determined that permanent-total-disability compensation should not be denied based primarily on Gulley's refusal of rehabilitation services when he later attempted to use the services in 2014. The court issued a limited writ requiring the commission to address the merits of Gulley's application without relying on Gulley's earlier refusals of rehabilitation services.

**{¶ 10}** The author of the separate opinion in the court of appeals agreed that a limited writ should be granted but would order the commission to consider all vocational evidence in the record.

**{¶ 11}** This matter is before the court on the direct appeal filed by the commission.

### Legal Analysis

**{¶ 12}** The relevant inquiry in determining permanent total disability is whether the claimant is able to perform sustained remunerative employment. *State*

*ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167, 170, 509 N.E.2d 946 (1987). In addition to the medical evidence, the commission must analyze nonmedical factors such as the claimant's age, education, and work record. The commission must also consider any other factors that might be important to the determination whether a claimant may return to the job market by using past employment skills or skills that may be reasonably developed. *Id.*

{¶ 13} Here, the parties do not dispute the evidence that Gulley was medically capable of performing sedentary work. Instead, the issue involves the commission's analysis of Gulley's nonmedical factors, particularly the impact of the evidence of vocational rehabilitation in the record.

{¶ 14} The commission argues that it may consider an injured worker's lack of participation in rehabilitation or retraining when determining permanent total disability and that Gulley's refusal to participate in rehabilitative services in 2010 and 2012 was some evidence that supported its decision denying permanent-total-disability compensation. The commission also maintains that it had discretion to reject McCoy's vocational reports as not persuasive.

{¶ 15} A claimant's refusal to participate in rehabilitation or retraining is a proper factor for the commission to consider in permanent-total-disability cases. *State ex rel. B.F. Goodrich Co. v. Indus. Comm.*, 73 Ohio St.3d 525, 529, 653 N.E.2d 345 (1995). Furthermore, absent extenuating circumstances, it is not unreasonable to expect a claimant to participate in efforts to return to work to the best of his or her abilities. *State ex rel. Wilson v. Indus. Comm.*, 80 Ohio St.3d 250, 253-254, 685 N.E.2d 774 (1997). Because permanent total disability is compensation of last resort, a claimant should not assume that the lack of participation will go unnoticed. *Id.* Consequently, the commission did not abuse its discretion when it considered Gulley's refusal to participate in rehabilitation opportunities when he was deemed eligible in 2010 and 2012. See *B.F. Goodrich* at 529.

**{¶ 16}** The commission also summarily rejected the reports of McCoy due to a perceived conflict of interest. The commission considered McCoy's opinion tainted because she had been hired by Gulley's counsel to assess his employment potential in support of the pending permanent-total-disability application after McCoy had issued a similar report for the bureau. Although the commission has authority to reject a vocational report, even if it is uncontradicted, *State ex rel. Singleton v. Indus. Comm.*, 71 Ohio St.3d 117, 118, 642 N.E.2d 359 (1994), we do not agree that McCoy's assessments created a conflict of interest that tainted her opinion.

**{¶ 17}** The record indicates that the bureau approved the request of Gulley's counsel for McCoy to perform an initial assessment for rehabilitation purposes. The bureau's interest in this assessment was neither incompatible nor irreconcilable with Gulley's interest. McCoy's subsequent assessment for permanent-total-disability purposes was not incompatible or irreconcilable with the bureau's position. McCoy reached similar conclusions in both reports. Thus, we find that it was an abuse of discretion for the commission to reject McCoy's reports based on a conflict of interest.

**{¶ 18}** Although the commission is not bound to accept all vocational evidence in the record, it is required to review the evidence to determine whether the claimant is foreclosed from sustained remunerative employment. *Singleton* at 118. The commission failed to do so here. Therefore, we adopt the reasoning of the separate opinion filed in the court of appeals, and we order the commission to review all the vocational evidence before determining whether Gulley is entitled to permanent-total-disability compensation. This approach conforms with the mandate in *Stephenson* to "consider any other factors that might be important to its determination of whether this specific claimant may return to the job market by utilizing [his] past employment skills, or those skills which may be reasonably developed." *Id.*, 31 Ohio St.3d at 170, 509 N.E.2d 946.

{¶ 19} Consequently, we affirm the judgment of the court of appeals and grant a limited writ that returns the matter to the commission to consider all the vocational evidence in the record.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, and DEWINE, JJ., concur.

KENNEDY, J., dissents, with an opinion joined by O'NEILL, J.

_____

**KENNEDY, J., dissenting.**

{¶ 20} I respectfully dissent. Although I agree with the majority's conclusion that the Industrial Commission of Ohio "did not abuse its discretion when it considered [appellee's, Lloyd Gulley Jr.'s] refusal to participate in rehabilitation opportunities when he was deemed eligible in 2010 and 2012," majority opinion at ¶ 15, I disagree with the majority's holding that the commission abused its discretion in rejecting the reports of Khanisha McCoy, a rehabilitation counselor, on the ground that she had a conflict of interest in issuing those reports, majority opinion at ¶ 17. To reach this determination, the majority elevates a difference of opinion into an abuse of discretion, which our case law does not permit. Therefore, I would find that the commission did not abuse its discretion in rejecting McCoy's reports, and I would reverse the judgment of the Tenth District Court of Appeals and deny the writ of mandamus sought by Gulley.

{¶ 21} The hearing officer found that McCoy's opinion was tainted by a conflict of interest because she was originally hired by the Bureau of Workers' Compensation and then was hired by Gulley's attorney to perform a vocational assessment.

> The commission is the exclusive fact-finder with sole responsibility to evaluate the weight and credibility of the evidence. * * * As a

6

reviewing court, we generally defer to the commission's expertise in these matters and do not substitute our judgment for that of the commission. * * * This court's role is limited to determining whether there is some evidence in the record to support the commission's stated basis for its decision.

*State ex rel. Perez v. Indus. Comm.,* 147 Ohio St.3d 383, 2016-Ohio-5084, 66 N.E.3d 699, ¶ 20.

{¶ 22} The commission's findings will be disturbed only if the commission abuses its discretion. *State ex rel. Cordell v. Pallet Cos., Inc.*, 149 Ohio St.3d 483, 2016-Ohio-8446, 75 N.E.3d 1230, ¶ 19. An abuse of discretion is " 'not merely an error in judgment but a perversity of will, passion, prejudice, partiality, or moral delinquency,' " and is to be found only when there is no evidence upon which the commission could have based its decision. *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster,* 22 Ohio St.3d 191, 193, 489 N.E.2d 288 (1986), quoting *State ex rel. Shafer v. Ohio Turnpike Comm*., 159 Ohio St. 581, 590, 113 N.E.2d 14 (1953). When applying the abuse-of-discretion standard, a reviewing court is not free to substitute its judgment for that of the fact-finder. *See Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶ 23} In concluding that the commission abused its discretion in rejecting McCoy's reports based on her alleged conflict of interest, the majority fails to accord deference to the commission and, instead, substitutes its own judgment. The majority discusses the evidence—the two assessments prepared by McCoy—and concludes that there was not a conflict of interest in McCoy's preparing both assessments: "McCoy's subsequent assessment * * * was not incompatible or irreconcilable with the bureau's position." Majority opinion at ¶ 17. This conclusion merely differs from the opinion reached by the commission, in other

words, it was an error. It is not a "perversity of will, passion, prejudice, partiality, or moral delinquency." *Shafer* at 590.

**{¶ 24}** Moreover, the record does contain evidence to support the commission's determination that a conflict of interest existed. While the two assessments may have each reached the conclusion that Gulley was not employable, inconsistencies are present. In the report prepared for the bureau, McCoy noted that Gulley had "limited transferrable skills" and made no mention of whether Gulley had computer skills. In contrast, her report for Gulley's counsel stated that Gulley "has no direct transferrable skills (due to limitations)" and that "[t]he majority of sedentary positions involve * * * the ability to demonstrate proficient computer skills and/or operate office equipment." Therefore, the commission did not abuse its discretion when it concluded that McCoy had a conflict of interest.

**{¶ 25}** Whether the evidence in the record is sufficient to establish that McCoy had a conflict of interest is irrelevant. Instead, the issue is whether there is no evidence upon which the commission could have based its decision. In reaching its conclusion today, the majority ignores this established standard of review, fails to defer to the commission, and imposes its own judgment. Therefore, I would find that the commission did not abuse its discretion in rejecting McCoy's reports, and I would reverse the judgment of the court of appeals and deny the writ.

O'NEILL, J., concurs in the foregoing opinion.

––––––––––––––––––

Hochman & Plunkett Co., L.P.A., Gary D. Plunkett, and Daniel J. O'Brien, for appellee.

Michael DeWine, Attorney General, and John R. Smart, Assistant Attorney General, for appellant.

––––––––––––––––––