[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Perez v. Indus. Comm.*, Slip Opinion No. 2016-Ohio-5084.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5084

THE STATE EX REL. PEREZ, APPELLEE AND CROSS-APPELLANT, *v.* INDUSTRIAL

COMMISSION OF OHIO, APPELLANT AND CROSS-APPELLEE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it

may be cited as *State ex rel. Perez v. Indus. Comm.,* Slip Opinion No.

2016-Ohio-5084.]

*Workers' compensation—Temporary total disability—Fraud—Commission did not*

*abuse discretion in finding that claimant had been overpaid compensation*

*while operating his auto-repair business or in finding that claimant*

*fraudulently misrepresented that he was not working during period at*

*issue—Court of appeals' judgment affirmed in part and reversed in part.*

(No. 2015-0532—Submitted April 5, 2016—Decided July 26, 2016.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Franklin County,

No. 14AP-394, 2015-Ohio-588.

_____

**Per Curiam.**

{¶ 1} We must determine whether evidence supports the findings of appellant and cross-appellee, Industrial Commission of Ohio, that appellee and cross-appellant, Manuel A. Perez, was overpaid temporary-total-disability compensation from September 14, 2007, through October 3, 2011, and that he committed fraud in applying for it. The commission found that Perez continued to operate his auto-repair business during that time and fraudulently misrepresented to the commission that he had not worked since 2003.

{¶ 2} The court of appeals affirmed the commission's finding of an overpayment but concluded that the evidence did not support the commission's finding of fraud. The court issued a writ of mandamus solely to compel the commission to vacate its finding of fraud.

{¶ 3} For the reasons that follow, we affirm the court of appeals' judgment to the extent that it affirmed the commission's finding of an overpayment of temporary-total-disability compensation, but we reverse the court's issuance of a writ of mandamus to compel the commission to vacate its finding of fraud.

{¶ 4} Perez was injured while working in the construction industry on December 30, 2002. He filed a claim for workers' compensation benefits, which was allowed for the following conditions: neck sprain, lumbar sprain, thoracic sprain, bulging disc and protruding discs, cervical spondylosis, major depression, and cognitive disorder. The commission awarded Perez temporary-total-disability compensation on several occasions. This appeal involves the order for disability payments beginning July 28, 2007, based on his psychological conditions only.

{¶ 5} Prior to his injury in 2002, Perez owned and was operating an auto-repair business known as Manuel A. Perez Enterprises, Inc. The business was located in the first-floor garage of a two-story building. Perez lived on the second floor.

{¶ 6} On March 18, 2011, the Bureau of Workers' Compensation received information that Perez was operating his auto-repair business while receiving temporary-total-disability benefits. The Special Investigations Unit ("SIU") of the bureau began investigating and obtained surveillance evidence of Perez working, but it closed the investigation in January 2012, based on a lack of evidence that Perez was being paid for his work.

{¶ 7} In November 2012, the SIU received a new tip from an anonymous source that Perez had been working while he received disability benefits. According to the SIU, the source provided customer names and information. The bureau reopened its investigation. Based on the new investigation, the bureau filed a motion alleging that Perez continued to operate his auto-repair business while receiving temporary-total-disability benefits and that he purposely concealed his activities in order to continue to receive benefits for which he would not otherwise be entitled. The bureau asked the commission to declare an overpayment in temporary-total-disability benefits from September 14, 2007, through October 3, 2011, and to make a finding of fraud.

{¶ 8} The commission concluded that Perez was overpaid temporary-total-disability compensation and had committed fraud in applying for it. The commission determined that the business was more than a passive investment and that Perez had more than just minimal involvement, based on the following evidence:

> An investigation into the activities at the garage was conducted by the Bureau of Workers' Compensation Special Investigations Unit, including surveillance with a video from 06/03/2011 through 07/16/2011. The Injured Worker was observed performing auto repair work including working on a tractor and

helping with repair work on an engine block. He was also observed meeting customers and discussing auto issues with them.

There are statements from various customers on file stating they dealt exclusively with the Injured Worker when doing business at his shop. They never actually saw him physically work on their cars, but he performed activities such as scheduling when to bring the car into the shop, diagnosing their car problem, and receiving payment when picking up the car. There is also a statement from Scott McNabb, Manager of Advanced Auto Parts stating the Injured Worker would order and pick-up parts. Also, on file are records supporting numerous purchases from Advanced Auto Parts and credit card records for auto parts purchased.

{¶ 9} Perez filed a complaint for a writ of mandamus, arguing that the commission abused its discretion. The court of appeals affirmed the commission's finding of an overpayment but concluded that there was insufficient evidence of fraud. The court issued a writ of mandamus to compel the commission to vacate its finding that Perez committed fraud.

{¶ 10} This matter is before this court on the direct appeal of the commission and the cross-appeal filed by Perez.

*Overpayment of Temporary-Total-Disability Benefits*

{¶ 11} Perez contends that there was no evidence supporting the commission's finding that he was working while he was receiving temporary-total-disability compensation from September 14, 2007 to October 3, 2011.

{¶ 12} Work is not defined for workers' compensation purposes, but it is generally considered to be labor in exchange for pay. *State ex rel. Honda of Am. Mfg. Co. v. Indus. Comm.*, 113 Ohio St.3d 5, 2007-Ohio-969, 862 N.E.2d 478, ¶ 18; *State ex rel. Griffith v. Indus. Comm.*, 109 Ohio St.3d 479, 2006-Ohio-2992,

849 N.E.2d 28, ¶ 10. We have recognized an exception to this general principle for "unpaid activities that directly generate income for a separate entity" that, in some situations, may be considered work for purposes of temporary-total-disability compensation eligibility. *State ex rel. McBee v. Indus. Comm.*, 132 Ohio St.3d 209, 2012-Ohio-2678, 970 N.E.2d 937, ¶ 4. In *McBee*, while the claimant received temporary-total-disability compensation, he also helped with his wife's business. The commission determined that this constituted work, though unpaid, and the court of appeals affirmed, reasoning that his activities directly generated income and were consistent and ongoing. *Id*. at ¶ 7 (noting that McBee did not appeal that determination to this court).

{¶ 13} Conversely, if the claimant's activities are minimal and relate only indirectly to generating income, they may not be considered work that would disqualify a claimant from receiving temporary-total-disability compensation. *State ex rel. Ford Motor Co. v. Indus. Comm.*, 98 Ohio St.3d 20, 2002-Ohio-7038, 780 N.E.2d 1016, ¶ 24. In *Ford*, the claimant worked for Ford and also had a lawn-care business. After an injury at work temporarily forced him from his job at Ford, he began receiving temporary-total-disability compensation. Ford tried to recoup the compensation paid on the grounds that the claimant still worked at his lawn-care business.

{¶ 14} The commission denied Ford's request. We agreed, noting that following his injury, the claimant hired others to do the physical work for his business. Thus, his "activities did not, in and of themselves, generate income; claimant's activities produced money only secondarily, e.g., claimant signed the paychecks that kept *his employees* doing the tasks that generated income." (Emphasis sic.) *Id*. at ¶ 23. The court concluded that his activities with the business "were truly minimal and only indirectly related to generating income" and therefore did not constitute work that would preclude payment of temporary-total-disability compensation. *Id*. at ¶ 24.

**{¶ 15}** Likewise, in *Honda*, 113 Ohio St.3d 5, 2007-Ohio-969, 862 N.E.2d 478, the injured worker was receiving temporary-total-disability benefits for an injury sustained while working at Honda. She also owned a scrapbook store. An investigator observed the claimant at her store on several occasions answering a customer's questions, pointing out displays, and speaking on the telephone as well as once, using the cash register. The commission denied Honda's request for a declaration of overpayment. We agreed, reasoning that the claimant's mere presence at the store did not itself disqualify her from receiving temporary-total-disability compensation and that even if she had engaged in some business activities, those activities were geared toward promoting goodwill and generated income only secondarily. *Id.* at ¶ 28-29.

**{¶ 16}** Perez argues that, like the claimants in *Ford* and *Honda*, his business activities were unpaid and minimal, that they did not directly produce income for the business, and that they therefore did not constitute work that would be inconsistent with receiving temporary-total-disability compensation. According to Perez, the video surveillance and witness statements did not establish that he was performing work for a customer or that his activities generated income for the business, and the mere existence of a commercial account to purchase car parts does not, by itself, generate business income.

**{¶ 17}** The commission maintains that Perez was providing customer service that directly generated business and produced revenue—ordering and picking up parts, scheduling appointments, talking with customers—activities that were more than passive. According to the commission, this case is similar to *State ex rel. Meade v. Indus. Comm.*, 10th Dist. Franklin No. 04AP-1184, 2005-Ohio-6206, and *State ex rel. Cassano v. Indus. Comm.*, 10th Dist. Franklin No. 03AP-1227, 2005-Ohio-68, in which the unpaid activities of both claimants generated income for the business.

{¶ 18} In *Meade*, the claimant was receiving temporary-total-disability compensation for an injury that he received while working for Allied Systems, Inc. He also owned a pizza business. The commission declared an overpayment of compensation because the evidence indicated that Meade " 'took an active and physically demanding part in the business working in the kitchen, conducting repairs, delivering pizzas and conducting various other work related activities.' " *Id*. at ¶ 17, quoting the hearing officer's order. The Tenth District Court of Appeals upheld the commission's decision, reasoning that although he was not paid wages, "there can be no question that [the claimant's] activities—taking orders, preparing food, serving customers, working the cash register, and delivering pizzas— generated income for" his pizza shop. *Id*. at ¶ 7.

{¶ 19} Likewise, in *Cassano*, the commission concluded that the claimant continued to operate his car dealership while receiving temporary-total-disability compensation. The court of appeals agreed that there was evidence that Cassano had engaged in work activities that generated income, such as performing mechanical work on cars and attending auto auctions. *Cassano* at ¶ 8.

{¶ 20} The commission is the exclusive fact-finder with sole responsibility to evaluate the weight and credibility of the evidence. *State ex rel. Burley v. Coil Packing, Inc*., 31 Ohio St.3d 18, 20-21, 508 N.E.2d 936 (1987). As a reviewing court, we generally defer to the commission's expertise in these matters and do not substitute our judgment for that of the commission. *State ex rel. Pass v. C.S.T. Extraction Co*., 74 Ohio St.3d 373, 376, 658 N.E.2d 1055 (1996). This court's role is limited to determining whether there is some evidence in the record to support the commission's stated basis for its decision. *Burley* at 21.

{¶ 21} Mindful of these principles, we find that the evidence supports the commission's decision that Perez, like the claimant in *Cassano*, was engaged in more than minimal activities that were income-producing for his auto-repair business. The bureau received a tip that Perez was working at his business while

receiving temporary-total-disability compensation. The SIU report, including the surveillance evidence, documented Perez in the garage area on several occasions looking under the hood of vehicles, engaging with customers, and performing repair work.

{¶ 22} The evidence also documented Perez's answering the telephone, scheduling repairs, coordinating drop-off and pick-up times, purchasing parts, and receiving payment from customers. Records established that during the time period at issue, Perez purchased more than $43,000 in auto parts, an amount that indicates they were not merely for personal use.

{¶ 23} The commission adequately identified the evidence relied upon and briefly explained the reasoning for its decision. Consequently, the commission did not abuse its discretion when it found that Perez had been overpaid temporary-total-disability compensation for the period of time at issue, and we affirm the judgment of the court of appeals to the extent that it affirmed that finding.

*Fraud*

{¶ 24} In its appeal, the commission challenges the court of appeals' grant of a writ of mandamus to compel the commission to vacate its finding that Perez fraudulently received the temporary-total-disability compensation.

{¶ 25} "Fraud requires a knowing misrepresentation of a material fact." *McBee*, 132 Ohio St.3d 209, 2012-Ohio-2678, 970 N.E.2d 937, at ¶ 8. "[T]o qualify as a knowing misrepresentation, however, it must be shown that [the claimant] was aware than his unpaid activities could be considered work." *Id.* The commission points to the multiple C-84 forms requesting temporary-total-disability benefits on which Perez attested that he had not worked since 2003 and the medical evidence in the file demonstrating that Perez minimized to physicians his presence at the garage.

{¶ 26} The commission has substantial leeway in interpreting and drawing inferences from the evidence in the record. *State ex rel. Lawson v. Mondie Forge*,

8

104 Ohio St.3d 39, 2004-Ohio-6086, 817 N.E.2d 880, ¶ 34. In doing so in this case, the commission did not abuse its discretion when it concluded that the evidence supported a finding of fraud. The evidence demonstrated that Perez not only represented to the commission on multiple occasions that he was not working, but also was not forthcoming to physicians about his activities with the auto-repair business. The multiple occasions on which he reported to examining physicians that he rarely left his home and spent most of his time watching TV or with his dogs sufficiently demonstrate that he attempted to conceal the extent of his business activities.

{¶ 27} Therefore, we conclude that the court of appeals abused its discretion when it granted a writ of mandamus to compel the commission to vacate its finding of fraud.

*Conclusion*

{¶ 28} Based on the foregoing, we affirm the judgment of the court of appeals as to the finding of an overpayment of temporary-total-disability compensation for the period September 14, 2007, through October 3, 2011, and we reverse the court's judgment issuing a writ of mandamus to compel the commission to vacate its finding of fraud.

Judgment affirmed in part
and reversed in part.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

_____

The Bainbridge Firm, L.L.C., and Christopher J. Yeager, for appellee and cross-appellant.

Michael DeWine, Attorney General, and Cheryl J. Nester, Assistant Attorney General, for appellant and cross-appellee, Industrial Commission.

_____