Kennedy, J., dissenting.
*416 {¶ 20} I respectfully dissent. Although I agree with the majority's conclusion that the Industrial Commission of Ohio "did not abuse its discretion when it considered [appellee's, Lloyd Gulley Jr.'s] refusal to participate in rehabilitation opportunities when he was deemed eligible in 2010 and 2012," majority opinion at ¶ 15, I disagree with the majority's holding that the commission abused its discretion in rejecting the reports of Khanisha McCoy, a rehabilitation counselor, on the ground that she had a conflict of interest in issuing those reports, majority opinion at ¶ 17. To reach this determination, the majority elevates a difference of opinion into an abuse of discretion, which our case law does not permit. Therefore, I would find that the *425 commission did not abuse its discretion in rejecting McCoy's reports, and I would reverse the judgment of the Tenth District Court of Appeals and deny the writ of mandamus sought by Gulley.
{¶ 21} The hearing officer found that McCoy's opinion was tainted by a conflict of interest because she was originally hired by the Bureau of Workers' Compensation and then was hired by Gulley's attorney to perform a vocational assessment.
The commission is the exclusive fact-finder with sole responsibility to evaluate the weight and credibility of the evidence. * * * As a reviewing court, we generally defer to the commission's expertise in these matters and do not substitute our judgment for that of the commission. * * * This court's role is limited to determining whether there is some evidence in the record to support the commission's stated basis for its decision.
State ex rel. Perez v. Indus. Comm. , 147 Ohio St.3d 383, 2016-Ohio-5084, 66 N.E.3d 699, ¶ 20.
{¶ 22} The commission's findings will be disturbed only if the commission abuses its discretion. State ex rel. Cordell v. Pallet Cos., Inc. , 149 Ohio St.3d 483, 2016-Ohio-8446, 75 N.E.3d 1230, ¶ 19. An abuse of discretion is " 'not merely an error in judgment but a perversity of will, passion, prejudice, partiality, or moral delinquency,' " and is to be found only when there is no evidence upon which the commission could have based its decision. State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster , 22 Ohio St.3d 191, 193, 489 N.E.2d 288 (1986), quoting State ex rel. Shafer v. Ohio Turnpike Comm. , 159 Ohio St. 581, 590, 113 N.E.2d 14 (1953). When applying the abuse-of-discretion standard, a reviewing court is not free to substitute its judgment for that of the fact-finder. See Berk v. Matthews , 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).
*417 {¶ 23} In concluding that the commission abused its discretion in rejecting McCoy's reports based on her alleged conflict of interest, the majority fails to accord deference to the commission and, instead, substitutes its own judgment. The majority discusses the evidence-the two assessments prepared by McCoy-and concludes that there was not a conflict of interest in McCoy's preparing both assessments: "McCoy's subsequent assessment * * * was not incompatible or irreconcilable with the bureau's position." Majority opinion at ¶ 17. This conclusion merely differs from the opinion reached by the commission, in other words, it was an error. It is not a "perversity of will, passion, prejudice, partiality, or moral delinquency." Shafer at 590, 113 N.E.2d 14.
{¶ 24} Moreover, the record does contain evidence to support the commission's determination that a conflict of interest existed. While the two assessments may have each reached the conclusion that Gulley was not employable, inconsistencies are present. In the report prepared for the bureau, McCoy noted that Gulley had "limited transferrable skills" and made no mention of whether Gulley had computer skills. In contrast, her report for Gulley's counsel stated that Gulley "has no direct transferrable skills (due to limitations)" and that "[t]he majority of sedentary positions involve * * * the ability to demonstrate proficient computer skills and/or operate office equipment." Therefore, the commission did not abuse its discretion when it concluded that McCoy had a conflict of interest.
{¶ 25} Whether the evidence in the record is sufficient to establish that McCoy had a conflict of interest is irrelevant. Instead, *426 the issue is whether there is no evidence upon which the commission could have based its decision. In reaching its conclusion today, the majority ignores this established standard of review, fails to defer to the commission, and imposes its own judgment. Therefore, I would find that the commission did not abuse its discretion in rejecting McCoy's reports, and I would reverse the judgment of the court of appeals and deny the writ.
O'Neill, J., concurs in the foregoing opinion.